## HOWES v. CARVER.

An action for the recovery of the value of a mare, alleged to have been taken up by defendant, and which he suffered to escape, or failed to return, when demanded. The answer denied that defendant was guilty, for that on, &c., at, &c., one E. found, running a large, a certain mare, with a halter on, then and there appearing to have lately escaped from the control of her owner; that said E. caught and confined the said mare, for the purpose of safely keeping, and returning her to her owner, then unknown; that E. requested defendant to take the mare to his stable, and confine her; that, at the instance and request of said E., the defendant took the mare to his stable, and did then and there carefully keep her; that thereafter, on, &c., at, &c., she was stolen or escaped from said stable, without the fault or negligence of the defendant; and that he has had no other mare in his possession, and does not know to whom this one belonged. Demurrer to answer, on two grounds: 1. It does not show a good defense in law; 2. It neither confesses nor admits the allegations of plaintiff's petition. Demurrer sustained. *Held*, That the demurrer was properly sustained.

*Appeal from the Winneshiek District Court.*

MONDAY, APRIL 4.

Plaintiff sues for the value of a mare, taken up, as he alleges, by defendant; and which he suffered to escape, or failed to return, when demanded. The action was commenced in Allamakee county, in 1855, and a change of venue ordered, on the motion of the defendant, in 1857. After this, by leave of court, an amended answer was filed, the defendant being required to pay all costs made since the change of venue. To this answer there was a demurrer, which was sustained. Judgment for plaintiff, and defendant appeals. The other facts appear in the opinion of the court.

*R. Noble* and *T. Drummond*, for the appellant.

*J. T. Clark*, for the appellees.

WRIGHT, C. J.—The errors assigned are: *First.* In

sustaining the demurrer to the amended answer, and rendering judgment for plaintiff. *Second.* In requiring defendant to pay all costs made after the change of venue, upon filing the amended answer.

If the ruling upon the demurrer, and the judgment which followed, were correct, then, as this judgment would entitle the plaintiff to full costs, the examination of the second question would become unnecessary.

The substance of the answer is as follows : Defendant denies that he is guilty, for that on, &c., at, &c., one Evans found, running at large, a certain mare, with a halter on, then and there appearing to have lately escaped from the control of her owner ; and that said Evans caught and confined the said mare, for the purpose of safely keeping and returning her to her owner, then unknown; that Evans requested defendant to take the mare to his stable, and confine her; that, at the instance and request of said Evans, the defendant took the mare to his stable, and did then and there carefully keep her; that thereafter, on, &c., at, &c., she was stolen or escaped from said stable, without the fault or negligence of defendant ; and that he has had no other mare in his possession, and does not know to whom this one belonged. The demurrer was for two grounds: *First.* That the answer did not show a good defense in law. *Second.* That it neither confesses nor admits the allegations of plaintiff's petition.

We think the demurrer was correctly sustained. If the defendant relied upon the fact, in defense, that the mare had been stolen from him, or had escaped, without any fault, or negligence of his, (granting, even, that it was necessary to set up such matter specially, and that it would excuse him, if established), he should have shown, in some manner, that the animal thus entrusted to his care by Evans, was the property of plaintiff, and the one in controversy in this action. For aught that appears from this answer, the mare which he alleges was stolen or escaped, was another and different animal. If he designed to avoid, he

should have confessed the taking, or have stated that if the mare of the said plaintiff was ever in his possession, he was not liable, for the reason that she was stolen, or had escaped without the fault, &c.

The suggestion of defendant's counsel, that the court erred in rendering judgment for plaintiff on the demurrer, while the general issue, or plea of not guilty, was on file, is without weight, from the fact, that as we understand the pleadings, there is no general issue, or denial, distinct from that reached by the demurrer.   It was evidently the design of the pleader, to set forth the grounds upon which defendant claimed that he was not guilty, and not to file, as a distinct plea, a general denial of his guilt.

Judgment affirmed.