## Donahue v. Prosser & Jones.

1. PLEADINGS. Several defenses cannot be pleaded in the same count.
2. PROMISSORY NOTE: DEFENSE: FRAUD. An answer setting up as a defense to a promissory note that it was obtained by false representations relating to the property which was the consideration thereof, should also aver that the defendant has offered to rescind by tendering the property back to the plaintiff.
3. WARRANTY: SET-OFF. Damages sustained by reason of a breach of warranty of property may be pleaded as a set-off in an action on promissory notes executed therefor. The maker of the notes, who is also the warrantee, will not be driven to a separate action.

*Appeal from Jones District Court.*

TUESDAY, JANUARY 3.

ACTION on promissory notes. Answer, and demurrer thereto, for causes stated in the opinion. The demurrer was sustained and defendant appeals.

STOCKTON, J.—The answer of defendants in this case consists of a single count, and is open to the objection of blending together the defenses of fraud, breach of warranty of the property, and failure of consideration.

Either of these defenses would be good of itself; it was wrong, however, to blend them together in one. In the present case the defendants have so mixed them up, that it is impossible to say what is the real defense they seek to make to the action.

If the defense was that the note was obtained by fraud and misrepresentation in the sale of the mill fixtures and

machinery, there can be no question but that such defense was legitimate. The effect of it, however, would have been to rescind the contract *in toto*, and in such case it was necessary that the defendants should aver that they had tendered back the property to the plaintiff. It was not competent for the defendants to rescind the contract in part, to be released from the payment of part of the consideration, and still hold on to the property.

As to the defense, that the fixtures and machinery were not such as plaintiff had represented and warranted them to be, we have no doubt but that it was competent for defendants to plead the damages sustained by the breach of the warranty as a set-off to the action on the note. The party will not be driven to another action on the warranty. *Reed* v. *Prentiss*, 1 N. H. 164; *Shepherd* v. *Temple*, 3 N. H. 455. So the failure of consideration, if properly pleaded, is a good defense. The pleader, in this instance, seems to have had no very clear or definite idea of what defense he wished to rely on, but has mingled together in great confusion defenses, which, to be available to defendants, should have been presented singly. The exceptions to the answer we think were properly sustained.

Judgment affirmed.