M. L. URDANGEN, Appellee, v. CHARLES FRYER, Appellant.

**COMPROMISE AND SETTLEMENT:** Consideration—Unfounded
1  Claims. The good-faith assertion of a judicially unfounded claim furnishes ample consideration for a compromise and settlement.

**PLEADING:** Motion to Strike—Compromise and Settlement—Non-
2  Defensive Matter. An allegation that plaintiff and defendant had, at a time prior to the settlement sued on, fully settled and adjusted all their respective claims, constitutes no defense, and is properly stricken unless accompanied by an allegation that, *since* said former settlement, no bona-fide difference has existed between the parties.

**APPEAL AND ERROR:** Assignment of Error—Failure to Make—
3  Effect. Rulings on the admissibility of evidence will not be reviewed, in the absence of an assignment of error or brief point thereon.

*Appeal from Muscatine District Court.*—F. D. LETTS, Judge.

MARCH 12, 1918.

ACTION on the alleged settlement and for services resulted in a judgment for plaintiff. The defendant appeals.— *Affirmed.*

*Thompson & Thompson,* for appellant.

*J. F. Devitt,* for appellee.

LADD J.—I. The petition alleged that
1. COMPROMISE
AND SETTLE-
MENT: consid-
eration: un-
founded
claims.
the parties hereto entered into an agreement
of settlement, March 4, 1914, whereby de-
fendant undertook to pay plaintiff the sum
of $1,000 by executing a note for that
amount and mortgage to secure the same; and that, though
plaintiff complied with the terms thereof, the defendant
failed and refused to carry out his agreement. In a second
count of the petition, plaintiff demanded compensation for
expenses and services subsequently rendered.

The answer was a general denial. Subsequently, an
amendment in two divisions was filed. In the first division:

"The defendant specifically denies that, from and after
the 5th day of June, 1912, he was ever indebted to said
plaintiff, M. L. Urdangen, and denies that, in the month of
March, 1914, a settlement and accounting was had between
himself and the plaintiff. He further denies that, at Mason,
City, Iowa, or at any other time or place, he ever agreed
that he was indebted to said plaintiff in the sum of $1,000
or any other sum, but avers the facts to be that, in a settle-
ment and accounting had by and between himself, A. N.
Fryer, M. L. Urdangen, and Ida Urdangen at Rock Island,
Ill., on or about the 5th day of June, 1912, it was there
and then orally agreed by and between all of said parties
that all claims and indebtedness owing from one to the
other should be adjusted and settled, and that, in pursuance
of said oral agreement to account and adjust their various
claims, the said indebtedness then owing by this defendant
unto said plaintiff was agreed to as fully paid."

That part from "but avers" to the end was stricken on
motion, as constituting no defense and as incompetent and
immaterial to any issue in the case. Segregated from the

remainder of the division, the portion stricken had little or no bearing; but, considered in connection therewith, the pleading (1) alleged that there was a complete settlement of all matters between the parties on the day stated, and (2) denied that defendant had ever become indebted to the parties.

2. PLEADING: motion to strike: compromise and settlement: nondefensive matter.

If defendant had, instead of this last, pleaded that, subsequent to the alleged settlement of 1912, there had been no dealings or bona-fide differences between the parties, then the amendment would have raised a valid defense; i. e. (1) that there was no settlement on March 4, 1914, and (2) that all differences had been previously adjusted, and whatever agreement there may. have been was without consideration. As a basis of the alleged settlement of 1914, it was not essential that any actual indebtedness should have existed: all necessary was that plaintiff, in good faith, should have asserted claims against defendant, even though these may have been excessive or unfounded in fact. If disputed claims are asserted in good faith, even though judicial investigation might have demonstrated them to have been unfounded in fact, the settlement thereof furnishes a sufficient consideration for the settlement agreement. *Keck v. Hotel Owners' Mut. Fire Ins. Co.*, 89 Iowa 200; *Greenlee v. Mosnat,* 116 Iowa 535. On the other hand:

"A mere false claim, a sham, one set up without any colorable pretense or plausible foundation, might not come within the terms or definition of a compromise, and might not sustain it. Characterized by bad faith, the preferring of such a claim would itself be a fraud, and concessions made or rights yielded on the strength of it would not be lost, nor the settlement be a bar." *Kercheval v. Doty,* 31 Wis. 476, 485.

Even though there may have been no indebtedness of defendant subsequent to the 1912 settlement, as alleged, this

would not constitute a defense to an action on the alleged settlement agreement of 1914; for that may have been based on claims which, though on judicial inquiry they would have been found to be without just foundation, were honestly asserted by plaintiff, and in good faith adjusted by the agreement of settlement. As a complete defense other than the denial was not pleaded, there was no error in sustaining the motion to strike.

II. Some complaint is made in argument of the rulings on the admissibility of evidence, but none are pointed out in assignment of error, nor is there any brief point or proposition presented with reference thereto.

3. APPEAL AND ERROR: assignment of error: failure to make: effect.

The argument is general, and not on specific rulings, and for these reasons may not be reviewed.—*Affirmed.*

PRESTON, C. J., EVANS and SALINGER, JJ., concur.