ALBERT PACE, Appellee, v. WILLIAM ZELLMER, Appellant.

**DAMAGES:** Liquidated. A stipulation for liquidated damages will be enforced, *in the absence of plea and evidence that a penalty was intended.*

*Appeal from Union District Court.*—HOMER A. FULLER, Judge.

FEBRUARY 7, 1922.

REHEARING DENIED SEPTEMBER 30, 1922.

ACTION to recover on a land contract the sum of $5,000 as liquidated damages. Cause tried to a jury resulting in a verdict for the plaintiff. Defendant appeals.—*Affirmed.*

*Higbee & McEniry,* for appellant.

*Geo. A. Johnston* and *L. J. Camp,* for appellee.

DE GRAFF, J.—Plaintiff and defendant entered into a written contract to exchange farms, and it was agreed that plaintiff

should deed 640 acres of land, subject to incumbrance, situated in Traill County, North Dakota to defendant in exchange for a deed from defendant to plaintiff to 680 acres of land, subject to incumbrance, situated in Union County, Iowa. Said contract provided: "It is agreed by both parties that if either party fails to comply with the terms of this contract the party so failing agrees to pay to the other party the sum of $5,000 as liquidated damages for failing to carry out the terms of this contract."

Plaintiff alleges that defendant failed and refused to perform and asks damages in the stipulated amount. Defendant filed a general denial, and further alleged that the contract had been by mutual agreement canceled. On the issue of rescission the jury found against the defendant and on this issue nothing is claimed by defendant on appeal.

Was plaintiff entitled to recover $5,000 as liquidated damages under the pleadings and the evidence by reason of defendant's refusal to perform the contract? The terms of the instant contract clearly fixes the amount which shall be recovered by either party in case of a breach. This is the measure of recovery unless from the consideration of the entire contract, the situation of the parties, and the circumstances surrounding the transaction it appears, notwithstanding the language employed, that a penalty was intended.

The contract itself shows that a large amount of valuable land was involved in the transaction; time and money was spent in negotiations and the inspection of the property, and an agent's commission was paid by plaintiff. There is no evidence tending to prove that the provision for liquidated damages was intended in any other sense than that clearly expressed in the contract, and in the absence of testimony to the contrary the plain provision of the contract must prevail.

The burden of proof is upon the party claiming that the provision of the contract is a penalty. Defendant in his answer did not plead this issue, but relied solely upon his plea of cancellation of the contract by mutual agreement.

Plaintiff was under no obligation to introduce evidence to establish his actual damage under the issues as defined by the pleadings. Defendant not only failed to offer evidence on the

question whether the provision of the contract was intended as a penalty, but objected to any offer of such evidence on the part of the plaintiff. Defendant sedulously avoided all matters tending to show the reasonable value of the property, its rental value, or other element of actual damage.

Plaintiff relied upon the stipulation in the contract as he had a right to do. It was not incumbent on him to plead and prove actual damages. *Selby v. Matson,* 137 Iowa 97. See also *Joeckel v. Johnson,* 178 Iowa 231; *Sanford v. First Nat. Bank,* 94 Iowa 680.

The instant case is an action at law, and no fraud is pleaded. It was tried in the court below on the theory of liquidated damages, and if defendant intended to rely on the other theory, it was upon him to prove ·the contrary intention and to show the actual damages resulting from a breach. We cannot reverse the case on the theory now presented and permit the defendant upon a retrial to put in testimony which he should have introduced in the first instance. *De Graff, V. & Co. v. Wickham,* 89 Iowa 720.

It is too late to amend. Judgment must be entered on the record before us. Wherefore the judgment entered on the verdict is—*Affirmed.*

Stevens, C. J., Weaver and Preston, JJ., concur.