C. O. MILLER, Appellee, v. J. PETER JOHNSON, Appellant.

MARCH 13, 1928.

*J. C. Robinson,* for appellant.

*L. R. Boomhower,* for appellee.

STEVENS, C. J.—This is an action at law, to recover as damages the market value of a quantity of oats, which appellee alleges were destroyed, or completely ruined, by a fire negligently set by appellant. The oats, which were grown on a portion of appellant's farm which he had leased to appellee, were stored in a building on the premises, and belonged to them jointly—one third to the former and two thirds to the latter.

The answer of the appellant in a single division or count admitted that the building in which the oats were stored was burned on or about March 30, 1925, denied each and every other

allegation of the petition and amendment thereto, and alleged as a defense that appellant had made a full and complete settlement and adjustment of appellee's claim, by giving him the residue left after the fire of his share of the oats and a stack of millet hay, containing six or seven tons. The testimony disclosed that the oats were not totally consumed by the fire, but that they were seriously burned and charred. After the fire, what was left of the oats was recovered from the basement and piled in a rick on the ground. There is some conflict in the evidence as to the exact condition of the grain after the fire.

The court refused to permit appellant to introduce evidence to prove the value of the residue. This ruling is made the basis of the principal assignment of error. The court, at the time the ruling was made, announced that the evidence was, under the issues tendered, wholly immaterial.

Under Section 11114 of the Code of 1924, both inconsistent defenses and any new matter constituting a defense may be set up in the answer. The plea of new matter constituting a defense must, however, expressly or impliedly admit the cause of action, and that, but for such plea, there must be a recovery. *Howes v. Carver*, 7 Iowa 491; *Donahue v. Prosser & Jones*, 10 Iowa 276; *Martin v. Swearengen*, 17 Iowa 346; *Anson v. Dwight*, 18 Iowa 241; *Morgan & Rogers v. Hawkeye Ins. Co.*, 37 Iowa 359; *Day v. Mill-Owners' Mut. Fire Ins. Co.*, 75 Iowa 694; *Runkle v. Hartford Ins. Co.*, 99 Iowa 414; *Jackson v. Independent Sch. Dist.*, 110 Iowa 313; *Burns v. Chicago, Ft. M. & D. M. R. Co.*, 110 Iowa 385; *Rudd v. Dewey*, 121 Iowa 454.

A general denial in the same division or count of the answer which sets up new matter constituting a defense will be disregarded. *Burns v. Chicago, Ft. M. & D. M. R. Co.*, supra; *Rudd v. Dewey*, supra. In the former case, we said:

"Had the defendant admitted and denied in the same division, or in an answer not divided, there could be no question but that the admission, rather than the denials, would be taken."

In the latter case, we said:

"Under our Code, it has uniformly been held, in a series of decisions, the first of which was rendered before there was any specific provision on the subject, that defendant might, in different divisions of his answer, plead a general denial and a confession and avoidance, and that the effect of the general denial

will not be nullified by the colorable confession necessarily alleged in connection with the avoidance."

In other words, a defendant may not both deny and admit the cause of action alleged in the petition in a single division or count of his answer.

The foregoing rule is in no sense inconsistent with the right to plead inconsistent defenses. If the defendant desires to so plead, each separate and complete defense should be, and, in case of both a general denial and a plea of new matter constituting a defense, must be, set up in separate divisions or counts of the answer. This is elementary, and has always been the rule in this state. When a general denial and new matter as a defense are pleaded in a single division of the answer only, the admission implied of the cause of action must control, and the general denial be disregarded.

We find a bare reference, in appellee's amendment to appellant's abstract, to the alleged settlement. Evidently, appellant did not rely thereon, and offered no evidence on the subject, but the issue was not withdrawn. The implied admission by appellant of the cause of action alleged, necessarily rendered evidence as to the value of the residue of the burned oats immaterial. The petition alleged, and the allegation was supported by evidence, that the grain was ruined, and could not be sold upon the market or used as feed. Had the general denial been pleaded in a separate division or count of the answer from that in which the new matter constituting a defense was alleged, evidence of the value, if any, of what remained of the oats would clearly have been admissible.

Complaint is also made of several paragraphs of the court's instructions. What we have already said disposes of these complaints.

We find no reversible error in the record, and the judgment is affirmed.—*Affirmed.*

De Graff, Albert, Morling, and Wagner, JJ., concur.