MAE E. HEABERLIN, appellee, v. JOHN W. HEABERLIN, appellant.

No. 50977.

(Reported in 122 N.W.2d 841)

July 16, 1963.

Stewart, Miller, Wimer, Brennan & Joyce, of Des Moines, for appellant.

McMullin, Test & Baird, of Des Moines, for appellee.

THORNTON, J.—Plaintiff and defendant were formerly wife and husband. This action is brought on a contract entered into by them April 7, 1960, about eleven months after they were divorced. In the divorce decree plaintiff was awarded a lump-sum amount of $22,000 against defendant. To obtain the balance due on this amount plaintiff levied on a trailer court belonging to defendant. She obtained a sheriff's certificate of purchase. The contract on which this action is brought followed. It provides, plaintiff will execute a quitclaim deed to the trailer court to defendant. Defendant was thereupon to pay plaintiff the balance due of the $22,000 awarded to plaintiff in the divorce decree. Both of these matters were performed at the time, the parties so stipulated. The contract further provided defendant was to pay certain income taxes, real property taxes on real estate awarded to plaintiff in the divorce action, cash of $175, attorney fees for plaintiff's attorney, remove certain liens on and furnish abstracts to plaintiff's property, dismiss an application to modify the divorce decree, and comply with all other provisions of the divorce decree. It further provided that if defendant failed to perform the provisions by him to be performed within 180 days the trailer court would revert to plaintiff and become her property and required her to repay to defendant the amount shown on the sheriff's certificate and if defendant failed to perform plaintiff would be entitled to immediate possession. This much of the contract was then signed. An addendum thereto was executed on the same day. The addendum corrected the description to the trailer court, excepted one judgment from the agreement, provided a trustee to receive the deed from plaintiff and receive and disburse funds on behalf of defendant and to execute the necessary papers to plaintiff in

the event of default by defendant. And further provided plaintiff was entitled to credit against the amount she was required to repay defendant to obtain the real estate in case of his default to the extent of any mortgage indebtedness against the trailer court.

The trial court directed a verdict for plaintiff. A judgment was entered ordering the issuance of a writ of possession. The case as to rents and profits was continued by stipulation. Defendant appeals urging a number of errors. These together with the state of the pleadings and evidence as bearing thereon will be considered separately.

I. Defendant assigns as error the insufficiency of the pleading and proof. He urges the breach was not substantial. He was in default at least to the extent of $8000 in the payments of judgments and notes required to be paid by him in addition to the amount of the income tax. He was in default in at least one half the dollar value of payments to be made by him. No authority is cited that this would not be substantial. We hold that it is.

Defendant complains of plaintiff's pleading of the paragraphs in default. He contends the court should assume all the other paragraphs had been performed and that performance of the paragraphs relating to the trustee would amount to performance of the whole contract. This argument misconstrues the contract. The matters for defendant to perform, and not performed, were in paragraphs 3, 4, 5, 6 and 9. Paragraphs 15 and 16 relate to the trustee. The function of the trustee was to receive payments from defendant and pay out the same to comply with the terms of the agreement. The contract could have been performed by payment to the trustee, and by failing to do so, which defendant admitted, the other paragraphs were breached.

Defendant complains because plaintiff did not plead or prove a demand. None was necessary. The contract called for unconditional performance within a specified time. 2 McCarty, Iowa Pleading, section 1129, page 245.

Nor is there merit in defendant's contention plaintiff did not plead or prove performance of conditions precedent.

The only performance required of her was delivery of the quit-claim deed. It was stipulated this was done. It was not necessary for her to tender repayment of money to defendant or the trustee. It was stipulated the mortgages placed on the property by defendant after the date of the agreement amounted to $65,000 and defendant testified that amount was still unpaid. This was, of course, in excess of the amount to be repaid by plaintiff.

II.   Plaintiff did plead as a conclusion from the facts stated that she was the owner of the trailer court and defendant unlawfully remained in possession. The fact on which this was based was the contract attached to the pleading. See Eaton v. Downey, 254 Iowa 573, 578, 118 N.W.2d 583, 586. Defendant argues there is no competent evidence of this. Actually the contract was admitted in evidence by stipulation, and defendant both stipulated to and admitted breaches of the contract. From this it follows that plaintiff's rights under the contract, as therein specified, came into being. All the evidence necessary was presented by stipulation or admissions of defendant. See Pace v. Zellmer, 194 Iowa 516, 186 N.W. 420.

III.   Defendant argues it was error to allow plaintiff to amend to include in her petition that defendant was in default as to paragraph 9 of the contract at the end of all the testimony. The motion was to conform to the proof based on defendant's testimony he had not fully performed that paragraph. Defendant made no objection or resistance at the time. This was not error. Huston v. Gelane Co., Inc., 254 Iowa 752, 756, 119 N.W.2d 188, 191; and Mooney v. Nagel, 251 Iowa 1052, 1059, 103 N.W.2d 76, 80.

IV.   Defendant contends there were jury questions presented on his affirmative defense of fraud in inducing him to sign the agreement, and on the issues of measure of damages, exhaustion of remedies, mitigation of damages, and whether damages of the real estate being given to plaintiff was an unenforceable penalty.

On the question of fraud defendant contends he was induced to sign the contract because of the amounts shown in the contract. Paragraph 3 of the contract required defendant to pay

federal income tax up to and including the year 1958 within 180 days. It recites both parties have filed petitions in the Tax Court and plaintiff has the right to dismiss her petition. And there is this sentence:

"It is understood that presently the United States Treasury Department has filed liens against the parties hereto in the amount of approximately Twenty Thousand Dollars ($20,000), but have recently filed remittiturs remitting to approximately Ten Thousand Five Hundred Dollars ($10,500)."

According to defendant's testimony the remittiturs were not actually filed and two more tax years are involved than he was aware of. The actual principal amount of taxes due is $15,200. At one point in his testimony defendant said, "The statements or inducements that were made by the plaintiff to me at the time of my signing Exhibit A were that ten thousand five hundred would pay all the income taxes. That it would just finish up our settlement." On cross-examination he said, "It was on the papers that $10,500 would pay all of the income tax * * *. Mrs. Heaberlin with her mouth did not tell me that $10,500 would clear up all of the income taxes * * *." and, "* * * tax expert, was handling my tax matters at the same time that this sale for this real estate was going on. I was listening to him. I made no personal attempt on my own to determine the amount of these taxes at that time."

Both parties were represented by counsel at the signing of the contract. The evidence is not sufficient to make a jury question on defendant's reliance on anything said by plaintiff. Actually it shows he was relying on his tax man and that neither plaintiff nor defendant was relying on themselves or one another for tax information. To be defrauded by representations the defendant must rely thereon. See Conard v. Auto-Owners (Mutual) Insurance Co., 254 Iowa 157, 162, 117 N.W.2d 53, 55, 56, and citations. See also Test v. Heaberlin, 254 Iowa 521, 118 N.W.2d 73.

V. Frankly we do not understand defendant's argument relative to the exhaustion of remedies. He did not plead it. He states in argument, "* * * said petition did not allege, nor did evidence prove, exhaustion of remedies by plaintiff, set forth in

paragraphs 15 and 16 of said agreement." These paragraphs do not provide an additional remedy that must be first exhausted. A trustee is there provided to execute a deed if defendant does not, but with this deed plaintiff would still have to obtain possession from defendant.

As to the other matters argued here we do not find defendant pleaded any matters in mitigation of damages. Section 619.8, Code of Iowa, 1962; McWilliams v. Ebling, 240 Iowa 174, 178, 35 N.W.2d 768; and Vierling v. Binder, 113 Iowa 337, 341, 85 N.W. 621. Nor did he raise the questions of measure of damages or unenforceable penalty by pleading or otherwise until after the verdict had been directed against him. He did include these matters in what is called in the record, "DEFENDANT'S FURTHER OBJECTIONS TO THE JUDGMENT" (such is unknown to our practice), and substantially asserted them in his motion for judgment notwithstanding verdict, or for new trial. Defendant did not offer evidence bearing on these matters.

■ The burden is on the defendant to raise the issue of the measure of damages and that the provision in the contract is a penalty. The burden is on him to so plead and prove. Pace v. Zellmer, 194 Iowa 516, 517, 186 N.W. 420; Korshoj Construction Co. v. Mills County, 156 F. Supp. 138, 139 (S. D. Iowa, 1957); and rules 72, 101 and 103, Rules of Civil Procedure. See also Huntsman v. Eldon Miller, Inc., 251 Iowa 478, 101 N.W.2d 531.

■ It should be pointed out partial defenses, as well as a defense to the whole case, cannot be raised by general denial, but must be pleaded. Rule 72, Rules of Civil Procedure, dealing with what the answer shall contain, in pertinent part, states, "* * * It must state any additional facts deemed to show a defense."

The author's comment to rule 72, 1 Cook, Iowa Rules, Rev. Ed., page 467, states, "There is no change in the law as to what is a sufficient denial of fact; nor as to what matters need a special defense and so are not put in issue by a denial."

Rule 101, Rules of Civil Procedure, provides:

"Defenses to be specially pleaded. Any defense that a contract or writing sued on is void or voidable, or was delivered in

escrow, or which alleges any matter in justification, excuse, release or discharge, or which admits the facts of the adverse pleading but seeks to avoid their legal effect, must be specially pleaded."

When a special pleading of defensive matter is necessary is summed up in 1 McCarty, Iowa Pleading, section 143, page 120:

"In view of the fact that under a denial a party defendant may prove any fact that negatives some fact which the plaintiff must prove to sustain his case, it is a safe rule to lay down that whatever does not do that must be specially pleaded. Special defenses are those which do not come under a denial and because of that fact must be specifically stated. They are more than negation of plaintiff's case. They are new matter and therefore must be set out."

This action as pleaded by plaintiff simply pleaded the contract, the breach, and asked for the relief specified in the contract. That was all plaintiff need plead and prove. 2 McCarty, Iowa Pleading, section 1087, page 224; and Pace v. Zellmer, 194 Iowa 516, 517, 186 N.W. 420. As observed by the trial court, the judgment was proper to finish the trial of the case the parties pleaded and tried. The case is affirmed.—Affirmed.

All JUSTICES concur except MOORE, J., who takes no part.