IN RE ESTATE OF BERT GOEDERS, deceased.

RUTH FILLENWARTH, administratrix with Will Annexed, appellant, v. ALMA WEIR, appellee.

No. 52308.

(Reported in 148 N.W.2d 438)

FEBRUARY 7, 1967.

Fitzgibbons & Fitzgibbons and Fillenwarth & Fillenwarth, both of Estherville, for appellant.

Daniel D. Sanderson, of Estherville, for appellee.

STUART, J.—Alma Weir filed a claim against the estate of Bert Goeders based on a promissory note payable on his death in the amount of $8000 secured by a real-estate mortgage. She also claimed his household goods under a bill of sale. Administratrix filed a petition to sell real estate and to cancel the note, mortgage and bill of sale. These two matters were consolidated and tried in probate. The trial court sitting as a trier of fact found for claimant. Administratrix appealed.

Claimant introduced the written instruments and rested. Administratrix introduced claimant's deposition taken under section 635.58 of the Iowa Probate Code and other evidence.

The trial court found: "* * * in March 1962 she was employed by decedent to work on his farm, at which time there

was talk of $1.00 per hour; that he never paid her, and on February 4, 1963 he gave her the note, mortgage (and bill of sale) as security for what she had done. Other evidence, however, conclusively shows her claim that she worked on the farm until his death on March 29, 1964, is incorrect. Actually, she continued on the farm only until sometime in October 1963. She admits she did not work 8000 hours, and therefore her testimony at most only shows the instruments were delivered to her as an advance payment for some hours of work yet to be performed. The number of hours worked before or after delivery of the instruments does not appear in the record.

"This record supports a finding that decedent was indebted to claimant for services rendered up to the date of delivery of the instruments—a period of approximately one year—and that she continued on the farm for some seven months thereafter."

There is substantial evidence in the record to support these findings and we are therefore bound by them. Rule 344(f)(1), Rules of Civil Procedure.

The trial court concluded that "under the provisions of section 541.25 an antecedent or pre-existing debt constitutes value whether the instrument is payable on demand or at a future time. Here the services are a sufficient consideration for the note and the bill of sale." He, therefore, held the estate had failed to introduce evidence tending to show the instruments were executed without legal consideration and claimants need offer no proof other than the execution and delivery of the instruments which under sections 537.2, 537.3, 541.24 and 541.28 are presumed to have been issued for a valuable consideration.

Notwithstanding appellant's scholarly discussion of burden of proof and the force of presumptions as evidence, we do not believe these issues are determinative here. As we read the trial court's findings, he has, from the evidence, found the actual consideration to be services rendered in the past and to be rendered in the future. This finding is supported by the evidence and therefore the question of burden of proof no longer is important.

I. We must determine whether the trial court was correct in holding, under the circumstances here, that the services

90

rendered in the past were a valid consideration for the note and bill of sale or whether there should be a pro tanto reduction for partial failure of consideration.

Trial court supported his finding that the instruments were issued for a preexisting debt by citing section 541.25 which provides: "Value is any consideration sufficient to support a simple contract. An antecedent or preexisting debt constitutes value, and is deemed such, whether the instrument is payable on demand or at a future time."

He also cites Re Estate of Hore, 220 Minn. 374, 377, 19 N.W.2d 783, 785, 161 A. L. R. 1366, 1368, which held "personal services rendered under such circumstances that there is a legal obligation to pay for them constitutes sufficient consideration for a note given for them, regardless of their economic value as compared to the amount of the note."

We do not disagree with these authorities, but do not find them applicable here. Appellee claims the instruments were to pay for work from the time of her employment to Mr. Goeders death. They were issued when she had worked a year. She worked seven months more and Mr. Goeders lived five months after she left. There is no claim the instruments were for past services only. No claim was filed for services rendered after the instruments were delivered. The consideration therefore, was not wholly for a preexisting debt but contemplated services to be performed in the future as well.

This feature distinguishes this case from Re Estate of Hore, supra. There the court said at page 375 of 220 Minn., 784 of 19 N.W.2d: "* * * the issue made and litigated by the parties was whether there was any consideration at all and not whether there was a partial want of one." Here appellant not only contends there was a failure to prove consideration, but in the alternative asked a pro tanto reduction for partial failure.

■ Where the findings indicate the consideration for the instruments to be personal services performed in the past and to be performed in the future, past services performed do not constitute full consideration and there should be a pro tanto reduction for the services which claimant failed to perform and which constituted part of the consideration for the instruments.

Section 541.28 provides: "Absence or failure of consideration is matter of defense as against any person not a holder in due course, and partial failure of consideration is a defense pro tanto, whether the failure is an ascertained and liquidated amount or otherwise."

"* * * the amount recoverable on a note will be so reduced [pro tanto] in an action between the original parties or others standing in no better position, where the consideration has partially failed. As between the original parties, where the consideration for a note consists of services performed under a contract, recovery in full will be permitted if the services are sufficient under the terms thereof." 11 C. J. S. 255, Bills and Notes, section 721. See also 10 C. J. S. 1150, Bills and Notes, section 523.

The trial court held appellant failed to prove the extent of the partial failure of consideration and refused to make a pro tanto reduction. This apparently was based on the absence of proof of the number of hours claimant actually worked. We do not believe such proof is necessary. There was evidence from which the court could find the instruments were to pay claimant for her services from her employment until Mr. Goeders death. If so, she would have been entitled to the whole amount had she stayed until he died. Under the evidence before us, a pro tanto reduction of $5/24$, representing the five months she left before his death out of the two years between her employment and his death, would seem reasonable.

We hold the trial court erred in holding the past services constituted valid consideration for the entire note and bill of sale under the circumstances. We cannot determine whether the trial court found the future services were to be rendered on an hourly basis or until Goeders death. We remand the case for further evidence on and a factual determination of this issue and a finding of the proper pro tanto reduction. If, on retrial, there should be a finding claimant was to be paid at $1.00 per hour for the hours actually worked, claimant would have the burden of proving the amount due her. If the court should find in accordance with her claim that the note and bill of sale was for work to be performed until Goeders death,

the burden would be on the estate to show the extent of the failure of the consideration. Bjornsen Constr. Co. v. J. A. Whitmer & Sons, 254 Iowa 888, 893, 894, 119 N.W.2d 801.

II. Appellant took claimant's discovery deposition under section 633.446 of the Probate Code which provides: "The burden of proving that a claim is unpaid shall not be placed upon the party filing a claim against the estate; but the personal representative may on the trial of the cause, subject the claimant to an examination on the question of payment or consideration, and the estate shall not be concluded or bound thereby."

Appellant introduced the deposition as part of the limited examination under section 633.446. Many of the court's findings are based upon testimony contained in this deposition. Appellant states "the only purpose of the examination under section 635.58 [now 633.446] was for the purpose of offering evidence tending to show lack of consideration, and thus shift the burden of proof back to claimant." She contends the trial court erred (1) in binding the estate by claimant's testimony in the deposition (2) in accepting the statements as substantive proof of consideration in her claim and (3) in holding that calling for the examination shifted the burden of proof to the estate.

We do not understand the court bound the estate by the testimony in the deposition. The estate could have offered other testimony disproving the statements contained therein, if available, and would not have been charged with having made her the estate's witness by calling her. The trial court did consider the testimony as substantive evidence and we think properly so. We do not believe the legislature intended to treat such depositions different from depositions taken under rules 140–145, R. C. P. When appellant offered the deposition, it was in evidence for whatever it was worth. The estate, however, would not be bound by the evidence.

We do not believe it is clear the trial court found the calling of the claimant shifted the burden of proof. In any event we have held the burden of proof to be of no importance under the facts here.

III. Appellant claims the court erred in finding Bert Goeders was competent to transact business. This is equivalent to saying that Goeders was incompetent to transact business as a matter of law. It was her burden to prove incompetency. Urbain v. Speak, 258 Iowa 584, 590, 139 N.W.2d 311, 315. We very rarely have held a party having the burden of proof has established his case as a matter of law. Mineke v. Fox, 256 Iowa 256, 263, 126 N.W.2d 918, 921. A factual issue was created but the burden was not sustained here as a matter of law.

For the reasons stated in Division I, the case is reversed and remanded for new trial.—Reversed and remanded.

All JUSTICES concur.