John L. HART, Appellant,

v.

E. Frank HART, Appellee.

No. 52997.

Supreme Court of Iowa.

July 18, 1968.

Fitzgibbons & Fitzgibbons, Estherville, and Sackett & Sackett, Spencer, for appellant.

Alan Loth, Fort Dodge, and Cornwall, Cornwall & Avery, Spencer, for appellee.

RAWLINGS, Justice.

Plaintiff brought action at law on a promissory note. Trial jury unable to agree on verdict was discharged. Motions by plaintiff for judgment notwithstanding jury's failure to agree, with alternate motion to adjudicate law points relative to instructions given were both overruled.

Plaintiff takes permissive appeal. We reverse.

According to the record this, in substance, is the factual situation here presented.

Plaintiff, John L. Hart, and defendant, E. Frank Hart, sometimes hereinafter referred to as John and Frank, respectively, are brothers.

Originally John and Dale E. Norton were partners, engaged in operation of a Chevrolet agency at Spencer. In 1939 John and Frank obtained the Spencer Ford franchise and commenced business under an oral arrangement as Hart Motors, a partnership.

Sometime in 1955 a written agreement was executed by the brothers. July 1, 1956, a new pact was prepared and signed. This last instrument provided the brothers would operate on a 50–50 basis, John to be manager, spending only the time he deemed necessary in supervisory work, and receive a salary of $1000 each month until June 30, 1963. It also provided if either partner withdrew the other would select and receive the first $85,000 in assets, remainder to be divided equally.

The partnership prospered, at one time holding assets having an appraised value of $880,000.

In 1957 the Spencer Chevrolet agency became available. With John's help Frank sought and obtained it. In accord with an attendant demand by General Motors, John agreed to discontinue operation of the automobile business in Spencer and abandon use of the name "Hart" in connection with any car dealings.

An agreement providing for partial distribution of partnership property was then entered into which provided, in part, the 1956 agreement was to remain in effect.

After Frank commenced the Chevrolet operations he began urging termination of the 1956 compact. In 1958 papers providing for dissolution of the partnership were prepared but John refused to sign for these given reasons: (1) his monthly salary of $1000 would be terminated; (2) he was entitled to the first $85,000 in partnership assets since Frank was withdrawing; (3) there was owing to him, by agreement, an equal benefit in a $23,400 tax loss carryover resulting from acquisition of the Chevrolet agency; (4) he had suffered a business loss by abandonment of automobile dealings in Spencer and use of the name "Hart".

Ultimately, on August 8, 1959, John signed the dissolution agreement. He contends this was done after extended negotiations relative to the four matters listed above, which culminated in a compromise under which Frank signed the note here in dispute.

Our order granting plaintiff leave to appeal provided in material part: "After full consideration it is felt that the application may properly be considered as asking authority to appeal in advance of final judgment from those of the trial court's instructions to the jury given upon the trial of the case resulting in a hung jury which had the effect of limiting plaintiff's recovery to the sum of $23,500 rather than $85,000, and interest, for which judgment was prayed, provided timely objection was made at the trial to the instructions referred to.

"Accordingly, permission is hereby granted plaintiff to appeal in advance of final judgment from so many of the trial court's instructions as are above referred to."

Consequently, regardless of errors assigned, we confine our review to recovery-limiting-jury-instructions 9, 11, 12 and 13, to each of which plaintiff made timely and appropriate objection.

The basic issue resultantly presented is whether trial court erred in treating the aforesaid reasons given by plaintiff for refusal to sign the partnership dissolution agreement as separate elements of consideration.

I. John's action against Frank is based upon this instrument:

#17000.00 • Int. aug 8, 1963
17000.00 •

Aug 8, 1959

SPENCER, IOWA,

$85,000.00

_____ AFTER DATE FOR VALUE RECEIVED _____ PROMISE TO PAY TO

hereby jointly

THE ORDER OF

Eighty five Thousand _____ DOLLARS

AT THE FARMERS TRUST AND SAVINGS BANK, SPENCER, IOWA

With interest at seven per cent per annum from date payable semi-annually until paid, together with expenses of collection and attorney fees. For above mentioned consideration the undersigned hereby sells and conveys to above mentioned payee or assigns, the following property located at _____

Agreement dated July 1, 1959 between Clyde R. Hart & Fred E. Hart, Marie M. Hart, and M. Gretchen Harton All of which said any Transfers of stock or property has been hereby sold Mentioned Reasons

together with all increase and issue thereof and all additions thereto. This instrument is given to secure purchase price and to be void if mortgagors perform all of the conditions hereof and pay this note in full, otherwise in full force. Whenever mortgagee or assigns choose to do so they shall have the right to take immediately possession of the property covered by this mortgage and to sell the same without notice to mortgagors at public or private sale, at such place as mortgagee or assigns may choose. Consent given that any Justice of the Peace may have jurisdiction to the amount of three hundred dollars. A failure to pay interest or principal when due shall cause the entire note to become due and collectible at option of holder. Makers and endorsers and guarantors of this note waive demand, protest and notice of non-payment and sureties consent that time of payment may be extended any number of times without notice thereof.

E. Gran LeHart

P. O. _____

NO. _____   DUE _____

UNITED STATES CHECK BOOK CO. OMAHA

By his answer Frank denied execution of the foregoing note. However, during presentation of evidence he admitted his signature is affixed to the subject instrument, but contended the handwritten provisions were later inserted without his authorization. With regard to the filling in of blank spaces in a promissory note, see Code section 541.14; Knapp v. Knapp, 251 Iowa 44, 53–54, 99 N.W.2d 396; Windahl v. Vanderwilt, 200 Iowa 816, 821–822, 203 N.W. 252; and Republic National Bank of Dallas v. Strealy, 163 Tex. 36, 350 S.W.2d 914, 916–920.

Absent a motion of record by defendant, or prior order, trial court, over plaintiff's objection, advised the jury by the aforesaid instructions 9, 11, 12 and 13, plaintiff could not be allowed recovery in excess of $23,-500, being the amount lost to him through claimed termination of his salary allowance.

By virtue of the fact our Uniform Commercial Code, chapter 554, Code, 1966, did not become applicable until July 4, 1966, we shall here refer to relevant provisions of the 1962 Code, unless otherwise specifically disclosed.

Code section 541.24, provides: "Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration, and every person whose signature appears thereon to have become a party thereto for value." See also Bjornsen Construction Co. v. J. A. Whitmer & Sons, 254 Iowa 888, 893–894, 119 N.W.2d 801.

And, section 541.25, states: "Value is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes value, and is deemed such, whether the instrument is payable on demand or at a future time."

As we said . ι Test v. Heaberlin, 254 Iowa 521, 523–524, 118 N.W.2d 73, 74: "The most widely used definition of 'consideration' is a benefit to the promisor or a loss or detriment to the promisee. Wright v. Iowa Southern Utilities Co., 230 Iowa 838, 841, 298 N.W. 790, 793, and citations."

See also Restatement, Contracts, sections 75 and 81.

Rounds v. Butler, 207 Iowa 735, 223 N.W. 487, involved an action on a promissory note, with absence of consideration asserted as one defense. There, at page 737 of the Iowa Reports, Vol. 207, at page 488 of 223 N.W., we said: "The claim of the plaintiff is that this note was given as a compromise and settlement of a disputed claim between him and the defendant. This line of authority is well settled in this state. It is immaterial that on a trial it might be found that the claim was unfounded in fact, but if such claim is asserted in good faith, and without fraud, settlement must stand. We have lately elaborated this doctrine in the cases of First Nat. Bank of Alta v. Browne, 199 Iowa 981, 203 N.W. 277; Smith v. Smith, 206 Iowa 606, 219 N.W. 512.

"There can be no question, under the evidence, that there was a disputed claim between these parties. The question then left is whether or not the claim made by the plaintiff was in good faith, or whether it was tainted with fraud, undue advantage, or duress. Whether such a claim is asserted in good faith is ordinarily a question for the jury. 12 Corpus Juris 333."

Later, in Booth v. Johnston, 223 Iowa 724, 273 N.W. 847, we were confronted with another action on a promissory note countered by alleged absence of consideration. Dealing with what is now identified as Code section 541.24, quoted supra, this court stated, loc. cit., 223 Iowa 728, 273 N.W. 848: "Whether or not the presumed consideration was lacking imposed a burden of proving it upon the defendant who asserted it, and in our view of the record defendant's proof failed in that regard. As will be seen from the facts hereinbefore recited, approximately $1,300 accrued on the old note was forgiven and the new note made to Mrs. Booth. We feel that the court was warranted in concluding, if it so found, that the transaction amounted substantially to the settlement of what was, or at least might have been in the light of

defendant's present contention, a controverted matter. Since no fraud was claimed the case may be considered without stopping to inquire what the result might have been had it been pleaded."

To the same effect is the following statement in Messer v. Washington Nat. Ins. Co., 233 Iowa 1372, 1381, 11 N.W.2d 727, 732:

"This court on many occasions has had before it the question of the effect of compromise and settlement. It is hardly necessary for us to say that such are favored by law, and our examination of cases from other jurisdictions reveals that our courts are in line with the great majority of such courts. We will examine and set forth a few of the Iowa cases dealing with this subject.

"In Urdangen v. Fryer, 183 Iowa 39, 41, 166 N.W. 693, this court, speaking through Ladd, J., on the subject of compromise and settlement, said:

" 'If disputed claims are asserted in good faith, even though judicial investigation might have demonstrated them to have been unfounded in fact, the settlement thereof furnishes a sufficient consideration for the settlement agreement.' Citing Greenlee v. Mosnat, 116 Iowa 535, 90 N. W. 338.

"See, also, Salinger v. Glidden Farmers' Elevator Co., 210 Iowa 668, 231 N.W. 366; Heflen v. Brown, 208 Iowa 325, 223 N.W. 763. In the case of First National Bank of Alta v. Browne, 199 Iowa 981, 984, 203 N.W. 277, 278, the court said:

" 'It is immaterial that a judicial investigation might demonstrate the claim to be unfounded in fact, if in fact the asserted claim is made in good faith.' "

More recently we declared in White v. Flood, 258 Iowa 402, 409, 138 N.W.2d 863: "The rule is well established that compromise of a doubtful right asserted in good faith is sufficient consideration for a promise. (Authorities cited)."

With regard to the foregoing see also Selections from Williston on Contracts, Rev.Ed., sections 128–129, pages 176–178; Britton on Bills and Notes, Hornbook Series, Second Ed., section 91, page 216; Beutel's Brannan Negotiable Instruments Law, Seventh Ed., sections 24–25, pages 481–528; 17A C.J.S. Contracts § 604, page 1189, note 13; 11 Am.Jur.2d, Bills and Notes, sections 216, page 244 and 231, page 259; 15 Am.Jur.2d, Compromise and Settlement, sections 12–18, pages 946–953; and 17 Am.Jur.2d, Contracts, section 111, page 457.

In the case at bar defendant does not assert fraud. As aforesaid his defense is premised upon the claim, (1) blanks in the note were filled in over his signature without authorization, and (2) there was never any consideration.

■ In support of his contention there existed a disagreement between the two on August 8, 1959, plaintiff listed the foregoing reasons for his refusal to sign the dissolution papers. However, trial court, erroneously treating the given causes for dispute as individual items of consideration, proceeded to evaluate and resolve each as a matter of law. As disclosed infra this amounted to a prohibited inquiry into adequacy of consideration. Actually the listed specifications of loss or detriment to plaintiff in signing the partnership terminating instrument were nothing more nor less than cumulative evidence in support of plaintiff's claim there existed a good faith dispute, subject to compromise, creating consideration for the controversial note.

Reasonable minds could conclude there was here a good faith dispute between plaintiff and defendant, and the note sued upon was given by the latter in compromise and settlement of their then existing differences. This means the evidence was sufficient to create a jury issue as to the matter of consideration based on compromise and settlement.

■ II. Bills and notes are generally described as contracts, and fundamental rules governing contract law are applicable to the determination of legal questions arising in connection with such instruments, except as modified by statute. 11 Am.Jur.2d, Bills and Notes, section 1, page 29. See also Hamilton v. Wosepka, Iowa, 154 N.W.2d 164, 168–172.

■ Where no consideration exists or none was intended to pass, there is want or absence of consideration.

■ On the other hand, failure of consideration implies a valuable consideration moving from obligee to obligor was originally contemplated but failed to materialize.

■ There can also be partial failure of consideration which means only a part or portion of the consideration originally contemplated by the parties actually moved from obligee to obligor.

With reference to the foregoing see Code section 541.28; 10 C.J.S. Bills and Notes §§ 152–153, pages 626–628 and § 523, page 1150; 17 Am.Jur.2d, Contracts, sections 397–398, pages 842–845; 11 Am.Jur. 2d, Bills and Notes, sections 657–658, pages 721–725; and Selections from Williston on Contracts, Rev.Ed., section 814, page 697.

■ Closely related to the failure of consideration concept, either total or partial, is that of adequacy of consideration. "The general rule is that consideration is not insufficient merely because it is inadequate. The legal sufficiency of a consideration for a promise does not depend upon the comparative economic value of the consideration and of what is promised in return. In other words, the relative values of a promise and the consideration for it do not affect the sufficiency of the consideration, and whatever consideration a promisor assents to as the price of his promise is legally sufficient. Even a nominal consideration * * * will sustain a promise if it is the consideration in fact

agreed upon. And while, to be sufficient, the consideration agreed upon must be a legal benefit or detriment, it need not be an actual pecuniary benefit or detriment." 17 Am.Jur.2d, Contracts, section 102, pages 445–446.

As stated in Selections from Williston on Contracts, Rev.Ed., section 115, page 158: "It is an 'elementary principle that the law will not enter into an inquiry as to the adequacy of the consideration.' This rule is almost as old as the law of consideration itself. Therefore anything which fulfills the requirements of consideration will support a promise whatever may be the comparative value of the consideration, and of the thing promised."

III. It is also evident defendant did not invoke the "partial failure of consideration" doctrine.

An examination of the pleadings discloses his answer, in this area, alleges only, " * * * there never was any consideration for the note * * *."

Significantly, Code section 541.28, provides: "Absence or failure of consideration is matter of defense as against any person not a holder in due course, and partial failure of consideration is a defense pro tanto, whether the failure is an ascertained and liquidated amount or otherwise."

■ As to the matter of pleading, 10 C. J.S. Bills and Notes § 523, page 1150, makes this statement: " * * * when the consideration of a bill or a note partially fails, and the amount of such failure is liquidated or can be definitely ascertained by computation, all the authorities agree that such partial failure can be pleaded as a defense pro tanto."

In re Estate of Goeders, 260 Iowa 87, 148 N.W.2d 438, though factually distinguishable from the case at bar, touches upon the subject at hand. There plaintiff brought action on a note received for past services rendered and future labor unperformed. Defendant, having there pled absence of

consideration, and alternatively a pro tanto reduction for partial failure, this court held the factual situation peculiar to the case required a limitation on amount recoverable.

In re Hore's Estate, 220 Minn. 374, 19 N.W.2d 783, 161 A.L.R. 1366, referred to in Goeders, supra, involved an action on a promissory note. There, as in the instant case, defendant's answer denied execution of the instrument, and asserted there was "no consideration whatsoever" for it. In construing that pleading the court said, loc. cit., 19 N.W.2d 784: "* * * the issues were whether the signature on the note was genuine and whether there was a total want of consideration. Although respondent's testimony, as we shall show, was to the effect that the note was given partly as compensation for her services and partly as a gift, no attempt was made to show that a particular part was for services and another as a gift. In other words, there was no attempt to apportion the amount of the note between compensation and gift. On the contrary, *the issue made and litigated by the parties was whether there was any consideration at all and not whether there was a partial want of one.* According to the issue, the consideration, or the want of it, was single and entire and went to the note as a whole. It was a case of a consideration or none at all." (Emphasis supplied)

This view finds some degree of support in 71 C.J.S. Pleading § 122b, page 272: "Denials and defenses are distinct and separate parts of an answer, and they must be separately stated. A denial should not be incorporated into an affirmative defense or pleaded as an affirmative defense, although a special denial may be included in an affirmative defense when necessary to make the defense complete, and negative averments not denying allegations of the complaint may be intermingled in an affirmative defense. An answer which confesses certain allegations of the complaint and avoids them by affirmative facts and denies all the others may be stated in one paragraph as a single defense." See also Greiner v. Hicks, 231 Iowa 141, 145, 300 N.W. 727.

It is thus evident "absence of consideration", and "partial failure of consideration", are distinct affirmative defenses which must be accordingly pled.

In support of the foregoing see also rules 72, 79, 101, 103, 104, R.C.P.; Murphy v. City of Waterloo, 255 Iowa 557, 566, 123 N.W.2d 49; Heaberlin v. Heaberlin, 255 Iowa 403, 409–410, 122 N.W.2d 841; Hiatt v. Hamilton, 215 Iowa 215, 220, 243 N.W. 578; Miller v. Johnson, 205 Iowa 786, 218 N.W. 472; Britton on Bills and Notes, Hornbook Series, Second Ed., section 99, page 242; Beutel's Brannan Negotiable Instruments Law, Seventh Ed., section 28, pages 548–553; 10 C.J.S. Bills and Notes § 153, page 627; and 41 Am.Jur., Pleading, section 159, page 403.

We conclude, (1) partial failure of consideration, not having been pled, was not here an issue, and (2) even if pleaded that theory would be inapplicable under the factual situation presented.

IV. Finding as we do the evidence in this case created a fact issue relative to consideration based upon compromise of an existing good faith dispute, and the partial failure concept was not applicable, it follows trial court's instructions 9, 11, 12 and 13, were erroneous to the extent they served to limit plaintiff's right of recovery, if any, to less than the amount sought by him.

V. Defendant's motion to strike the record and dismiss this appeal, ordered submitted with the case, is overruled in its entirety.

However, the three volume record filed by plaintiff is replete with matters irrelevant to the appeal allowed. Costs of this appeal are accordingly taxed one-half to each party.

Reversed and remanded.

All Justices concur.