Mayhew A. Eaton, appellee, v. E. M. Downey, appellant.

No. 50721.

(Reported in 118 N.W.2d 583)

DECEMBER 11, 1962.

Hunt & Degnan, of Guttenberg, and F. H. Becker, of Dubuque, for appellant.

Haehlen & Morrow, of Waukon, for appellee.

THORNTON, J.—Defendant appeals from a summary judgment entered against him on a promissory note. He urges 1, it

was error to strike Division II of his answer, and 2, it was error to sustain the motion for summary judgment. Both propositions include the questions of whether his Division II and resistance and affidavit to plaintiff's motion for summary judgment contained statements of fact rather than objectionable conclusions, and if facts are stated, do such constitute a defense. Both are argued.

Plaintiff brought this action on a promissory note, executed by defendant to plaintiff, dated November 9, 1960, due January 1, 1961, in the principal sum of $2100. Defendant filed his answer in two divisions, the first was a general denial, in the second he pleaded there is a complete lack of consideration for the note, it is a part of an instrument, Exhibit 1, attached thereto and made a part thereof by reference, the note was put in possession of plaintiff subject to conditions and without consideration, and the condition upon which the alleged note was made was precedent and had not been performed. The attached Exhibit 1 is an offer by defendant to buy certain real estate from plaintiff. It provides the sale price to be $21,000, payable $2100 in cash, in the form of a note, due January 1, 1961, with the offer as earnest money to be held by "M. A. Eaton Seller's agent", pending delivery of final papers, the balance payable $13,000 in cash upon delivery of warranty deed and a second mortgage to seller for $5900 due January 1, 1962. It further provides that if seller defaults the buyer shall have all payments returned or he may proceed by court action; if buyer defaults seller may forfeit under chapter 656, Code of Iowa, and all payments made shall be forfeited or seller may proceed by court action. It further provides that the offer when accepted shall become a binding contract; if not accepted by November 9, 1960, it shall be null and void and the initial payment shall be returned to buyer. The offer was accepted November 9, 1960. Below the signatures of plaintiff and defendant there is written the following: "This offer conditioned upon buyer's ability to secure satisfactory loan $13,000.00."

. Plaintiff moved to strike Division II of the answer as above set out for the following reasons:

"That same is an opinion and conclusion of the pleader, contains no facts or allegations which would be a defense to this action and nothing upon which this Court can act."

The trial court sustained the motion in these words, "* * * that said motion should be and it is hereby sustained as to each paragraph thereof."

Plaintiff moved for summary judgment under rules 237 and 238, Rules of Civil Procedure. To this motion defendant filed a resistance with an attached affidavit made a part thereof and marked Exhibit 2. In the resistance he states he has real defenses as shown by his answer and the affidavit. He also states the note lacks consideration and mutuality, his obligation to perform was dependent on a condition which has not been done, and the parties failed to reach an agreement as to the condition in the contract, and the offer made by him was conditional and qualified. In his affidavit defendant states the note is, "* * * only a part of an agreement, entitled OFFER TO BUY, defendant's Exhibit 1. This note is void, illegal and lacking consideration. °

"Any obligation upon this note was conditioned and qualified and such condition and qualification has not been accomplished.

"The parties to this matter failed to reach an agreement as to the conditions of contract and there is a lack of mutuality and no grounds upon which this plaintiff can make a good claim against this defendant."

Plaintiff moved to strike defendant's affidavit because it contained no facts upon which a court can rule, all statements contained in said affidavit are merely opinions and conclusions and not in any way deemed facts, and that defendant does not state facts that would, in whole or in part, if pleaded and proven, defeat plaintiff's claim.

In sustaining plaintiff's motions for summary judgment and to strike generally the court stated,

"The affidavit of the defendant, attached to his resistance, cannot have any higher standing than the answer and resistance. The affidavit sets out clearly conclusions and opinions. Since there is no pleading of any affirmative defense in this case, the Court has no choice but to sustain the motion for summary judgment."

I. In prior summary judgment cases we have not dealt strictly with a statement of facts to come within the following provision of rule 238, Rules of Civil Procedure:

"* * * Judgment shall be entered * * * unless * * * the defendant resists it with affidavits showing facts which the court deems sufficient to permit him to defend."

The purpose of the summary judgment is to enable a party with a just cause of action to obtain judgment promptly and without the delay and expense of a trial, where there is in fact no issue to try. Cook, Iowa Rules Civil Procedure, Volume 2, Rule 237, Advisory Committee Comment, page 695, Author's Comment, page 696. See also Petit v. Ervin Clark Construction, Inc., 243 Iowa 118, 49 N.W.2d 508; and Credit Industrial Co. v. Happel, Inc., 252 Iowa 213, 106 N.W.2d 667.

In Norwood Morris Plan Co. v. McCarthy, 295 Mass. 597, 4 N.E.2d 450, 107 A. L. R. 1215, and Atlas Investment Co. v. Christ, 240 Wis. 114, 117, 2 N.W.2d 714, 715, cited in the Advisory Committee Comment, supra, the courts in discussing the purpose of the rule point out a summary judgment should not be granted if the affidavit of defense shows a substantial issue of fact. And this is true though the affidavit is disbelieved. If the facts stated in the affidavits are directly opposed the case must be tried. In the Atlas Investment Company case is this statement:

"The statute is, however, drastic and is to be availed of only when it is apparent that there is no substantial issue to be tried."

In Alan Loth's article, "Trial and Judgment", November 1943, 29 Iowa Law Review 35, 44, is this statement,

"Despite the word 'shall', it seems the court necessarily has a large discretion as to what he 'deems sufficient to permit' a defense. If there is a pleading to the merits, the affidavits need not show every element of a technically sufficient defense, but only enough to indicate the good faith of the defense claimed. * * * Probably its whole purpose is to prevent sham or frivolous defenses; and if the affidavits show more than that, no summary judgment should ordinarily enter. * * * This Rule can thus be an additional weapon to force a defendant who is 'stalling', to dem-

578

onstrate that he has a defense, or suffer judgment if he does not. This may be its most usual and useful function."

In an article by Charles W. Joiner, "Determination of Controversies Without a Factual Trial", March 1947, 32 Iowa Law Review 417, 426, it is stated, "Trial will not depend on issues raised by conclusions of the pleader." and

"The defendant must then disclose the exact facts he expects to prove in making his defense, with suitable affidavits of evidentiary facts sworn to by persons having knowledge thereof. If the affidavits disclose a real defense, the motion will be overruled."

A difference appears between Mr. Joiner's article on the one hand and Mr. Loth's and the Norwood Morris Plan Company and Atlas Investment Company cases, supra, on the other, in that Mr. Joiner indicates the necessity for a showing of evidentiary facts more in line with Federal rule 56(e), see 3 Barron and Holtzoff, Federal Practice and Procedure, section 1237, page 164 et seq., while Mr. Loth and the cited cases indicate only the necessity of facts showing a bona fide defense. This difference is more apparent than real. If a real good faith defense is shown by the affidavit the motion for summary judgment should be denied, whether it is shown by evidentiary or ultimate facts.

See Jean v. Hennessy, 74 Iowa 348, 350, 351, 37 N.W. 771, 7 Am. St. Rep. 486, on the then requirement for the showing in the affidavit of merit to set aside a default judgment.

II. To determine whether the affidavit states facts sufficient to show a real defense as distinguished from conclusion we may turn to the rules of pleading. A pleader must plead the ultimate facts in the case. He cannot plead conclusions by themselves. A good pleading consists of the statements of the ultimate facts in the case, and, when so stated, the pleader has a right to plead his conclusions based upon those facts. Townsend v. Armstrong, 220 Iowa 396, 398, 260 N.W. 17; and Hutchinson v. Des Moines Housing Corporation, 248 Iowa 1121, 1126, 84 N.W.2d 10, 13, and citations. See also McCarty, Iowa Pleading, Volume 1, sections 42 to 56, both inclusive.

The conclusions of the pleader may be sustained by reference to an attached document showing the facts. Mauser v. Page (Iowa, 1943) 8 N.W.2d 246, 247. See also City of Osceola v.

Gjellefald Construction Co., 220 Iowa 685, 690, 263 N.W. 1. Plaintiff cites Wright v. White, 166 Ore. 136, 154, 110 P.2d 948, 955, 135 A. L. R. 1, for the proposition that recitals in an exhibit are not to be taken as alleged by the pleadings. We find, however, the Oregon court, at page 10 of 135 A. L. R., states, "* * * for one office of an exhibit to a pleading is that it may be resorted to in order to explain and make definite the allegations of the pleadings."

Rule 67, Rules of Civil Procedure, provides in part:

"* * * The form and sufficiency of all motions and pleadings shall be determined by these rules, construed and enforced to secure a just, speedy and inexpensive determination of all controversies on their merits."

On a direct attack a doubtful pleading is resolved against the pleader. Reed v. Harvey, 253 Iowa 10, 110 N.W.2d 442; and Ruud v. Grimm, 252 Iowa 1266, 110 N.W.2d 321.

III. Applying the foregoing to defendant's resistance and attached affidavit we find, (1) the allegations that the note lacks consideration and mutuality are purely conclusions until supported, and (2) the allegations the obligation of defendant to perform was dependent upon a condition which has not been done, and the parties to this suit failed to reach an agreement as to the condition in the contract and that the offer made by the defendant was conditional and qualified are statements of ultimate fact when coupled with the affidavit and offer to buy. In the affidavit are the following statements of fact, "* * * plaintiff * * * makes reference to a promissory note, which is only a part of an agreement, entitled OFFER To BUY, * * *," and, "The parties to this matter failed to reach an agreement as to the conditions of contract * * *." In the offer to buy we find reference to a note of the same amount, execution and due dates, and same parties as the one on which suit is brought, a statement on the bottom of the document that it is conditioned on the obtaining of a satisfactory loan of $13,000, and the note is to be held pending delivery of final papers.

The offer to buy is an evidentiary fact, the same is true of its contents. When resorted to, to explain and aid the allegations of the resistance, a real defense of conditional delivery of the

note is shown. Defendant has stated the note lacks consideration and mutuality because it is part of a contract that is conditional and the conditions have not been performed. All that is lacking by way of direct allegation is, that defendant has been unable to obtain a satisfactory loan of $13,000, or the final papers have not been delivered, whichever the case may be. Plaintiff contends he is unable to determine to what defendant refers when stating the note is subject to conditions or that they have not been performed. If we assume this is true, it does not make defendant's theory of defense doubtful. Such information can be obtained by any proper discovery procedure.

We think the showing made by defendant does show a good faith defense of conditional delivery of the note supported not only by ultimate facts but evidentiary facts.

When the foregoing is applied to the motion to strike the answer as being merely conclusions of the pleader, the motion should have been overruled.

IV. Adverting to that portion of plaintiff's motion that attacks the sufficiency of the defense stated, we find he is quite aware of the problem despite his claimed lack of knowledge. He contends the note was given as a cash down payment on the contract to buy and not on condition. This, of course, is the issue to be determined.

It is a good defense to a promissory note that it was delivered conditionally only and the condition has not been performed. Section 541.16, Code of Iowa, 1962; Security Savings Bank v. Hambright, 195 Iowa 1147, 1151, 193 N.W. 576; Thompson v. Finch, 196 Iowa 1013, 1014, 195 N.W. 744; and Anthon State Bank v. Bernard, 194 Iowa 1090, 1095, 191 N.W. 283. This is true of a note given as part of a transaction to convey land as between the parties. Home State Bank v. Martin, 196 Iowa 1092, 1096, 195 N.W. 977; Todd v. State Bank of Edgewood, 182 Iowa 276, 286 et seq., 165 N.W. 593, 596 et seq., 168 N.W. 113, 3 A. L. R. 971; and Herron v. Brinton, 188 Iowa 60, 65, 67, 175 N.W. 831.—Reversed and remanded.

All JUSTICES concur except HAYS and STUART, JJ., who take no part.