BJORNSEN CONSTRUCTION COMPANY, INC., appellee, v. J. A. WHITMER & SONS, a partnership, et al., appellants.

No. 50742.

(Reported in 119 N.W.2d 801)

FEBRUARY 12, 1963.

Robert C. Nelson, of Cedar Rapids, for appellants.

David G. Bleakley and Harold D. Vietor, both of Cedar Rapids, for appellee.

LARSON, J.—The sole issue presented by this appeal is whether the trial court erred in sustaining plaintiff's motion for a summary judgment in an action on a promissory note. The question is as to the sufficiency of appellants' affidavit filed in resistance to plaintiff's motion, i.e., whether it stated a substantial issue of fact which, if taken as true, would justify a trial on the merits. The trial court held the sole test was whether the affidavit presented such an issue, found that it did not, and rendered judgment in favor of plaintiff and against the defendant appellants Velma B. Whitmer and Barbara A. Whitmer in the sum of $3948.57, with interest at 6% per annum from April 1, 1960, and for costs and statutory attorney fees.

Plaintiff brought this action on a promissory note signed by defendants J. A. Whitmer & Sons, Keith Whitmer, Barbara A. Whitmer, J. A. Whitmer and Velma B. Whitmer, as comakers, under date of April 1, 1960, in the principal sum of $3948.57, payable $300 per month beginning April 1, 1960. Barbara A. Whitmer and Velma B. Whitmer filed their separate answer, admitted the execution of the note, but alleged the amount represented a debt of J. A. Whitmer & Sons, a partnership "which sum was due the plaintiff upon an open account", and that while they are the respective spouses of Keith Whitmer and J. A. Whitmer, they are not members of the partnership, were in no way indebted to plaintiff, that they received no thing of value for their signatures on the note, and that the instrument as to them was wholly without consideration.

On November 6, 1961, plaintiff filed its verified motion for summary judgment and, in resistance thereto, these appellants filed their affidavit as follows:

"I, Velma B. Whitmer, being first duly sworn, on oath depose and state, that I am one of the defendants in the above captioned cause, as is my daughter-in-law, Barbara A. Whitmer, further that I am the spouse of J. A. Whitmer, and the said Barbara A. Whitmer is the spouse of Keith Whitmer. Further, that my spouse, and my two sons, were engaged as a partnership in the construction business in the City of Cedar Rapids, Iowa. Further I state that neither the said Barbara A. Whitmer, nor

myself, were ever members of the said partnership, at no time did we ever engage in the said construction business, we had no part in the operation, management, nor did we share in any profits of the said J. A. Whitmer and Sons construction business. In 1960 the said J. A. Whitmer and Sons partnership, consisting of my husband and two sons, was duly discharged in Bankruptcy in the United States District Court of Iowa, the Northern District thereof.

"Further and still on oath, I state that with reference to the note of this action, that the said Barbara A. Whitmer or this affiant was at no time indebted to the said Bjornsen Construction Company, Inc., as a result of the partnership business of J. A. Whitmer and Sons; further I state that neither the said Barbara A. Whitmer or this affiant, at the time the said note was signed by the said Barbara A. Whitmer and this affiant, that we received no money and nothing of value, no promise of any kind from the said Bjornsen Construction Company, Inc., and/or its officers, or directors, and we never talked with any person of the said Corporation, its agents, officers, or its representatives. That the above and foregoing statements are made in resistance to the plaintiff's motion for summary judgment and constitute a good defense."

Thus the ultimate facts set forth in the resistance affidavit of Velma B. Whitmer are that these appellants, Velma B. Whitmer and Barbara A. Whitmer, are the respective spouses of defendants, J. A. Whitmer and Keith Whitmer, that their husbands and another son of Velma were engaged as partners in the construction business, that these appellants did not engage in that business, did not have any part in the operation and management of it nor share in its profits, that they were at no time indebted to plaintiff as a result of the partnership business, that they received no money or thing of value, no promise of any kind from plaintiff or its officers or directors and never talked with its agents, officers or representatives. Are these ultimate facts sufficient to establish a lack or failure of consideration, as claimed by appellants, and to permit them to defend in this cause? The trial court thought not, and we must agree.

I. Rule 237, R. C. P., so far as applicable here, states:

"Summary judgment may be entered in an action, upon any claim * * * (a) To recover a debt, or some other money demand which is liquidated, with or without interest arising on a negotiable instrument * * *." Clearly, plaintiff's action is one in which summary judgment may be entered.

Rule 238, R. C. P., provides a plaintiff making such a claim may file a motion for summary judgment supported by affidavit and "Judgment shall be entered as prayed in the motion unless * * * defendant resists it with affidavits *showing facts* which the court deems sufficient to permit him to defend." (Emphasis supplied.) See Credit Industrial Co. v. Happel, Inc., 252 Iowa 213, 215, 106 N.W.2d 667, and authorities cited therein.

The purpose of the summary judgment and the affidavits connected therewith we fully considered and discussed in the recent case of Eaton v. Downey, 254 Iowa 573, 118 N.W.2d 583 We said the purpose is to enable a party with a just cause of action to obtain judgment promptly and without the delay and expense of a trial, where there is no substantial or relevant issue to try. See Cook, Iowa Rules of Civil Procedure, Volume 2, rule 237, Advisory Committee Comment, page 695, Author's Comment, page 696; Petit v. Ervin Clark Construction, Inc., 243 Iowa 118, 49 N.W.2d 508; and Credit Industrial Co. v. Happel, Inc., supra.

In Eaton v. Downey, supra, we considered the cases cited by appellants of Norwood Morris Plan Co. v. McCarthy, 295 Mass. 597, 4 N.E.2d 450, 107 A. L. R. 1215, and Atlas Investment Co. v. Christ, 240 Wis. 114, 2 N.W.2d 714. We have no quarrel with the rule announced therein that a summary judgment should not be granted *if the affidavit* of defense shows a substantial issue of fact. It must, of course, be an issue of fact which would, if decided in defendant's favor, be a good defense to the action. Just any irrelevant or immaterial factual issue would not suffice. It must be sufficient to indicate the good faith of the defense claimed, and such that he could prevail in the trial on the merits. See article entitled "Trial and Judgment" by Alan Loth, November 1943, 29 Iowa Law Review 35, 44. In an article by Charles W. Joiner, "Determination of Controversies Without a Factual Trial", March 1947, 32 Iowa Law Review

417, 426, it is pointed out that trial will not depend on issues raised by conclusions of the pleader. He said, "The defendant must then disclose the exact facts he expects to prove in making his defense, with suitable affidavits of evidentiary facts sworn to by persons having knowledge thereof. If the affidavits disclose a real defense, the motion will be overruled."

The sufficiency of a defensive affidavit as provided in rule 238 is tested by the rules of pleading. As stated in Eaton v. Downey, supra: "To determine whether the affidavit states facts sufficient to show a real defense as distinguished from conclusion we may turn to the rules of pleading. A pleader must plead the ultimate facts in the case. He cannot plead conclusions by themselves." Thus a good affidavit must consist of the statement of the ultimate or evidentiary facts in the case and, when so stated, the affiant has a right to state his conclusion based upon those facts. If such facts are not stated, a mere conclusion of the affiant will not be taken as a good faith defense and a summary judgment is required by our rule.

II. Tested by that rule, nothing stated in the affidavit filed herein amounts to an ultimate fact upon which a legal conclusion may be drawn that there was a failure of consideration.

Section 541.25, Code, 1962, states: "Value is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes value, and is deemed such, whether the instrument is payable on demand or at a future time."

Section 541.29, Code, 1962, provides: "An accommodation party is one who has signed the instrument as maker * * * without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."

The note itself imports a consideration. Want or failure of consideration is a matter of defense, and it is defendants' burden to prove the lack or failure of consideration. Our statutes make that too plain to require citation of authorities. Sections

541.24, 541.25, 541.28, 541.29, Code, 1962. Also see Chase Investment Co. v. Kramer, 243 Iowa 1369, 1372, 55 N.W.2d 467, 468.

 It was not stated either in the affidavit or in the answer that appellants were not voluntary comakers of the note, and there was no denial of delivery or of a valid consideration for the note itself. Appellants merely stated they personally received no benefit. An antecedent or pre-existing debt is consideration for a promissory note (section 541.25, Code, 1962) and, as pointed out in Knapp v. Knapp, 251 Iowa 44, 99 N.W.2d 396, where a promissory note has the support of a consideration, the note is applicable to every original party thereto and each is liable thereon. Section 541.29, Code, 1962. In the Knapp case the lender loaned money to the husband to cover the purchase of some livestock. Both husband and his wife signed the note and chattel mortgage. The wife disputed her liability, arguing she received no consideration for the signing of the note and mortgage. In denying that contention this court said on page 50 of 251 Iowa and page 400 of 99 N.W.2d: "Where executed documents have the support of consideration, * * * the notes or contract are applicable to every original party thereto", citing Starry v. Starry & Lynch, 212 Iowa 274, 234 N.W. 281; State Bank of Waverly v. McCoy, 232 Iowa 456, 3 N.W.2d 141; and Northern Trust Co. v. Anderson, 222 Iowa 590, 262 N.W. 529, 271 N.W. 192.

In the Starry v. Starry & Lynch case, at pages 280, 281 of 212 Iowa, we said: "In other words the obligation of each signer became effective at the same time. * * *. The note in suit was executed and delivered in purported consummation of the contract. It was accepted as such. It had a lawful consideration. Under the general rule, such consideration operated upon all the contemporaneous signers thereof."

 Clearly a benefit need not be shown as to all comakers of a voluntarily executed promissory note, and the law is well established in this jurisdiction that where there are two or more comakers to a note, it is not a defense for one of them to say that he personally received nothing for his signature on the note.

We must conclude the trial court was correct in holding appellants' defensive affidavit stated insufficient ultimate facts

to permit them to defend, and properly sustained appellee's motion. The judgment, therefore, must be affirmed.—Affirmed.

All JUSTICES concur.