Lyle E. ORCUTT, Appellee,

v.

Leo HANSON, Appellant.

No. 53042.

Supreme Court of Iowa.

Jan. 14, 1969.

Margaret L. Beckley and L. M. Hullinger, Cedar Rapids, for appellant.

W. Stuart Charlton, Manchester, for appellee.

LARSON, Justice.

The trial court sustained plaintiff's motion for summary judgment against defendant in an action for debt on open account and defendant appeals, contending his timely resistance to the motion duly apprised the court of the existence of a substantial issue of fact which might well determine the rights of the parties to the action. We agree and remand the cause for a trial on the issue of whether there was a settlement or novation at the time defendant executed and delivered a note covering the amount of the open account.

In his action at law plaintiff Lyle E. Orcutt sought to recover from defendant Leo Hanson certain amounts alleged due him for materials and services rendered. His petition as amended consisted of three divisions, but our concern herein is chiefly with Division III. Division I demanded judgment for $3,466.32 with interest and attorneys fees as provided by a past due promissory note; Division II demanded judgment in the sum of $202.20 with interest for material and services rendered defendant subsequent to the execution of the promissory note; and Division III, as an alternative to Division I, sought recovery for debt on open account for material and services rendered as acknowledged by the note.

The record consists of the pleadings and affidavits of the parties and the trial court's decision. The vital question raised by this appeal is relatively simple, and any issue as to the note's material alteration is not before us now. It appears without

controversy that defendant purchased fertilizer from plaintiff and had plaintiff spread it, that on July 13, 1965, a written promissory note in the amount of the open account charges was executed and delivered to plaintiff, and that some changes as to time of payments were made on the face of the note either before or after the delivery of the note to plaintiff's agent at the bank.

Defendant denied any sum or sums were due plaintiff, that the note set forth in Division I had been given and received as payment of the existing open account, that no material or service was rendered him thereafter, and that the note was invalidated due to certain changes in its terms without the knowledge and consent of the defendant.

The court overruled plaintiff's motion for judgment on the pleadings and sustained his motion for summary judgment in Division III. Our attention is, therefore, directed to the issue as to whether the factual statements or affidavits filed by defendant in resistance to that motion adequately revealed to the court issues of fact which, if decided in his favor, would be a good defense to the action. American State Bank v. Leaver, Iowa, 153 N.W.2d 348.

In his motion for summary judgment plaintiff alleged the note was not taken as full payment of the account. He stated: "That, whether fraudently altered or not, the promissory note in question, *there being no agreement expressed or implied, that such constituted absolute payment,* was only a conditional payment of the debt, the condition being that the note be honored and paid." (Emphasis added.)

In his resistance to plaintiff's motion for summary judgment defendant attached his affidavit, which states: "I, Leo Hanson, being duly sworn upon oath state I am the defendant named in the foregoing action. Between the dates of April 16, 1965 and May 15, 1965, I purchased from the plaintiff 70.680 tons of fertilizer and the spreading thereon for a total charge of $3,-466.32, as alleged in paragraph 4 of Division III of the plaintiff's amendment to its petition filed in this cause April 28, 1967. I further state that, at the instance and request of the plaintiff, on or about January 13, 1965, *the said account was completely and fully settled by my executing a promissory note for said amount, plus interest,* which note is described as 'Exhibit A' in plaintiff's petition as amended. *That the same was given by me and accepted by plaintiff as a full and complete settlement of said claim as aforesaid. * * *"* (Emphasis added.)

The problem presented, then, is whether these statements sufficiently reveal a substantial factual issue, i. e., was the execution and acceptance of this note intended as a full and complete settlement of the open account claim or only a conditional payment as plaintiff alleged? The trial court recognized this issue when it said: "In connection with his denials, defendant contends a successful defense of plaintiff's claims by way of novation." It then stated: "* * * having examined all of the pleadings herein, the Motions and their supporting documents, * * * and having examined authorities appropriate to the issues raised by the pleadings herein as well as by both of plaintiff's Motions, finds that *there is not substantial issue of fact remaining to be tried as to plaintiff's claim in debt on open account for the sum of $3,466.32."* (Emphasis added.)

The court took the view that "Neither defendant's pleadings nor his affidavit filed in resistance to plaintiff's Motion for Summary Judgment state ultimate facts upon which a legal conclusion of a valid defense to plaintiff's claim in debt on the open account in the sum of $3,466.32 can be based." We cannot agree.

Although defendant contends there were other evidentiary facts which support defendant's conclusion that the note was given in full and complete settlement of the

open account claim, we believe the sworn statement in defendant's affidavit itself was sufficient to generate a factual issue as to whether the execution and delivery of the note was intended as a full settlement of the stated account.

■ I. Defendant's resistance to a motion for summary judgment, we have said, must be timely filed and must be supported by sworn statements of a person having knowledge of facts which are sufficient to sustain a valid defense to the action. American State Bank v. Leaver, supra, Iowa, 153 N.W.2d 348. An important factor to be shown is that the fact issue be such that, if decided in defendant's favor, it would be a good defense to the action. Eaton v. Downey, 254 Iowa 573, 578, 118 N.W.2d 583, 586; Rule 238, R.C.P.; Bjornsen Construction Co. v. J. A. Whitmer & Sons, 254 Iowa 888, 892, 119 N.W.2d 801, 803; Petit v. Ervin Clark Construction, Inc., 243 Iowa 118, 49 N.W.2d 508; Credit Industrial Co. v. Happel, Inc., 252 Iowa 213, 106 N.W.2d 667.

■ As we pointed out in American State Bank v. Leaver, supra, when such an issue is brought to the court's attention within the prescribed time by a sworn allegation of the defendant or a person who knows the facts, the court should not grant a summary judgment. The rule that courts prefer a trial on the merits requires liberality in construing statements by competent persons as ultimate facts sufficient to sustain a conclusion as to their import. Rule 238, we said, did not contemplate any technical requirements or specific procedure to govern its application.

■ II. The general rule, of course, is that a note given by a debtor for a precedent debt will not be held to extinguish the debt in the absence of an agreement to that effect. People's Sav. Bank of Blakesburg v. Smith, 210 Iowa 136, 139, 230 N.W. 565, 69 A.L.R. 399. The mere promise in writing to pay cannot of itself be regarded as an effective payment, and by the great weight of authority the rule is firmly established that, where a debt exists and a note is given therefor by the debtor, the right of action is suspended on the original consideration until the note becomes due, but that if it is unpaid at that time, the creditor may elect to sue on the original indebtedness or on the note, unless the note was accepted as payment of the pre-existing debt. 40 Am.Jur., Payment, §§ 87, 88, 89. Even in jurisdictions where the issuance and acceptance of a note gives rise to a presumption of payment, if there is some evidence, although slight, to overcome the presumption, the whole matter becomes a question of fact on the evidence of whether the note was in satisfaction and discharge of the original debt. Generally it is said the taking of a note is to be regarded as payment only when the security of the creditor is not thereby impaired.

Regardless of application of these rules, we are confronted here with the sworn allegation that this note was taken in full satisfaction of the debt, that it did provide for increased interest rates and for attorneys fees if not paid when due, and that it did provide a negotiable instrument which could affect defendant's security. Under these conditions the factual issue as to the parties' intent at the time this note was executed is important and is decisive of Division III of this action. It should be given consideration by the finder of fact.

III. The purpose of the summary judgment and the affidavits connected therewith we fully considered in Eaton v. Downey, supra, 254 Iowa 573, 118 N.W.2d 583. We said there its purpose is to enable a party with a just cause of action to obtain judgment promptly and without unnecessary delay and expense of trial where there is no substantial or relevant issue to try. See Volume 2, Cook, Iowa Rules of Civil Procedure, Rule 237, Advisory Committee Comment, page 695, and Author's Comment, page 696; also Bjornsen Construction Co. v. J. A. Whitmer & Sons, supra, 254 Iowa 888, 119 N.W.2d 801. In the latter case we

pointed out that if the affidavit of defense shows a substantial issue of fact, a summary judgment should not be granted. We also said just any irrelevant or immaterial factual issue would not suffice. It must be sufficient to indicate the good faith of the defense claimed, and such that he could prevail in the trial on the merits. See 29 Iowa L.Rev. 35–44.

In 32 Iowa L.Rev. 417–426 it is noted that trial will not depend on issues raised by conclusions of the pleader: "The defendant must then disclose the exact facts he expects to prove in making his defense, with suitable affidavits of evidentiary facts sworn to by persons having knowledge thereof. If the affidavits disclose a real defense, the motion will be overruled."

■ The sufficiency of a defensive affidavit as provided in Rule 238, R.C.P., we have said, is tested by the rules of pleading. In Eaton v. Downey, supra, it is said at page 578 of 254 Iowa, at page 586 of 118 N.W. 2d: "To determine whether the affidavit states facts sufficient to show a real defense as distinguished from conclusion we may turn to the rules of pleading. A pleader must plead the ultimate facts in the case. He cannot plead conclusions by themselves." We concluded a good affidavit must consist of the statements of the ultimate or evidentiary facts in the case and, when so stated, the affiant has the right to state his conclusions based upon those facts.

Tested by that rule, we find in defendant's affidavit an allegation that at plaintiff's instance and request he executed and delivered a promissory note which was accepted as a full and complete settlement of this account to date. Although the execution and delivery of a note covering an open account may not alone state facts which would permit a trial on the issue of payment, the added allegation that it was given and accepted as a full and complete settlement of the account raises a factual issue which, if found in favor of defendant, would constitute a good defense to Division III of this action.

IV. In view of this decision and the remaining issues as to the validity of the note, and the claim for material and services in Division II, the case must be remanded to the trial court for further proceedings consistent herewith.

Reversed and remanded.

All Justices concur.