**CARTER STEEL SUPPLY & FABRICA-TION, INC., Appellee,**

v.

**IOWA MUTUAL INSURANCE COM-PANY, Appellant.**

**No. 53674.**

Supreme Court of Iowa.

Feb. 10, 1970.

**648**

James W. Crawford and Gene V. Kellenberger, Cedar Rapids, for appellant.

Joe P. Crookham, Oskaloosa, for appellee.

BECKER, Justice.

Plaintiff brings action on defendant's check which was dishonored by reason of defendant's instruction to the bank to stop payment. The case was tried to the court. Judgment was entered for the amount of the check plus interest. Defendant appeals. We affirm.

Plaintiff-corporation's building was damaged by a piece of equipment used to apply blacktopping to adjoining property. Subsequently an adjuster for defendant-company appeared, contacted the president of plaintiff-corporation, discussed the damage done to the building, issued a check for $700.28, took a release signed by the president of the corporation and departed. The check was deposited in plaintiff's bank but was returned because defendant stopped payment.

The foregoing facts were pled by plaintiff, supported by substantial evidence and found to be true by the court. Defendant denied all allegations made by plaintiff except the fact plaintiff is a corporation. Defendant pled no affirmative defenses and introduced no evidence.

The theory relied upon by plaintiff may be found in paragraphs 11 and 12 of its petition: "In breach of said contract of settlement the Defendant did subsequently instruct the drawee, De Witt Bank and Trust Company not to honor the check.

"As a result of Defendant's breach of contract the Plaintiff has sustained damages in the amount of $700.28 by reason of Defendant's failure to allow the De Witt Bank and Trust Company to honor the check drawn on them, and * * * interest from the 10th day of July, 1968." The court treated the petition as an action on the check and found for plaintiff.

I. When payment is stopped on a check it becomes a promissory note due on demand, Patterson v. Oakes, 191 Iowa 78, 181 N.W. 787, 14 A.L.R. 559. Thus the check imports its own consideration. Section 537.2, Code, 1966; Kelly v. Emary, 242 Iowa 683, 688, 45 N.W.2d 866; Bjornsen Const. Co. v. J. A. Whitmer & Sons, 254 Iowa 888, 893, 119 N.W.2d 801. The presumption of consideration is rebuttable but "absence of consideration" and "partial failure of consideration" are affirmative defenses which must be pled and proved. Hart v. Hart (Iowa), 160 N.W.2d 438. Mutual mistake is also an affirmative defense which must be pled and proved by the pleader. It admits the facts of the adverse pleading but seeks to avoid its effect. Rule 101, Rules of Civil Procedure.

The trial court noted lack of affirmative pleading and lack of evidence by defendant, but recognized the rule that failure to plead the defense would not be fatal to the defense if both sides tried the case on a theory not pled. In re Estate of Millers (Iowa), 159 N.W.2d 441. The court then gave defendant the benefit of this rule. It noted defendant's efforts on cross-examination to show the insurance company had no coverage but the adjuster

and plaintiff thought there was coverage and there was therefore a *mutual mistake*. Treating this as an affirmative defense because there was no objection to the cross-examination, the court found the proof failed to establish *mutual mistake*. The name of defendant's insured was shown on the check to be Prothero Coal Co., on the slip attached to the return check appears the notation *"no coverage"* but the insurance policy was not offered in evidence or even alluded to, the release procured from plaintiff was neither returned nor tendered into court. Except for the *"no coverage"* conclusion attached to the check, there was nothing to show plaintiff and the adjuster were mistaken in any way.

 II. Defendant argues the court decided this matter on a theory wholly at variance with the claims of either party. It claims the trial court should have, but did not find (1) whether there was a valid compromise settlement agreement actually entered into by the parties, (2) whether defendant did or did not breach such an agreement, and (3) whether plaintiff suffered damages by reason of the alleged breach.

As far as the trial court was concerned such specific findings were not necessary by reason of its view of the effect of the check on which payment was stopped. In our view the omission of such findings was not fatal. There was (1) ample evidence of injury to plaintiff's building, (2) appearance of an adjuster with purported authority to represent defendant, (3) an agreement to settle the claim for damages (4) exchange of check and release, (5) subsequent dishonor of the check (6). retention of the release, (7) damages for the amount represented by the check. Whether the suit was for breach of the settlement contract or breach of a promise to pay as evidenced by the check the result is the same. In the absence of pleading and proof of mutual mistake, fraud or lack of consideration, plaintiff was entitled to recover. The court's action is giving what defendant claims is undue emphasis to the effect of

the dishonored check cannot change the result.

In Rank v. Kuhn, 236 Iowa 854, 856, 20 N.W.2d 72, we said: "It is well settled that findings of a trial court are to be broadly and liberally construed, rather than narrowly or technically. In case of doubt or ambiguity, findings will be construed to uphold, rather than to defeat, the judgment. * * * Wherever, from the facts expressly found, others may fairly be inferred which will support the judgment, such inference will be drawn. * * * We have held that in construing a decree the intent of the court must be determined from all parts of the instrument and effect given to that which is clearly implied as well as to that which is expressed."

Affirmed.

All Justices concur.