FARMERS NATIONAL BANK OF
WINFIELD, Appellant,

v.

WINFIELD IMPLEMENT CO., LTD.,
an Iowa Corporation, and Jerry Steele
a/k/a Jerry D. Steele, Appellees.

No. 03–1772.

Supreme Court of Iowa.

July 22, 2005.

Rehearing Denied Aug. 29, 2005.

Wm. Scott Power and Brent Ruther of Aspelmeier, Fisch, Power, Engberg & Helling, P.L.C., Burlington, for appellant.

Myron L. Gookin of Foss, Kuiken, Gookin & Cochran, P.C., Fairfield, for appellees.

LAVORATO, Chief Justice.

This appeal presents the question whether a bank's deposit of proceeds from promissory notes constitutes payment of a shortage in a depositor's checking account that resulted from overdrafts. The bank sued the depositor and a shareholder of the depositor who had signed one of the promissory notes and an account agreement in which he agreed to be liable for any shortage resulting from overdrafts. The district court held that the deposit constituted such payment and sustained a motion for summary judgment filed by the defendants. The court of appeals reversed and remanded for further proceedings. On further review, because we agree with the district court, we vacate the court of appeals decision and affirm the district court judgment.

## I. Scope of Review.

We review a ruling on a motion for summary judgment for errors at law. *Otterberg v. Farm Bureau Mut. Ins. Co.*, 696 N.W.2d 24, 27 (Iowa 2005). Summary judgment must be granted

if the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Iowa R. Civ. P. 1.981(3). Summary judgment is appropriate if the only conflict concerns the legal consequences of undisputed facts. *City of Fairfield v. Harper Drilling Co.*, 692 N.W.2d 681, 683 (Iowa 2005).

## II. Facts.

The following facts, as gleaned from the pleadings, answers to interrogatories, and depositions, are undisputed. In August 1992, Jerry Dean Steele and Jim Hassenfritz purchased the assets of Winfield Implement Co., Ltd., an Iowa corporation. Hassenfritz had a fifty-one percent ownership interest, and Steele had a forty-nine percent ownership interest.

On April 1, 1997, Farmers National Bank of Winfield (Bank) and Winfield Implement Co., Ltd. (Winfield Implement) entered into a written account agreement for a corporate checking account for Winfield Implement. The following language about liability appeared on page two of the agreement: "Each of you also agrees to be jointly and severally (individually) liable for any account shortage resulting from charges or overdrafts, whether caused by you or another with access to this account." Steele and Jeff Suter signed the agreement. (Suter is not involved in this litigation.)

From March 2001 through the end of September 2001, the checking account experienced overdrafts. As of September 26, 2001, the account had a negative balance of $372,068.81. On September 27 the account had a negative balance of $288,983.26. On September 28 the account had a positive balance of $7634.55.

The changes in the account balances resulted from the following transactions. On September 27 Steele and his wife signed a promissory note for $83,000 to the Bank. The cash proceeds from this note were applied to the checking account. The bank statement describes the transaction as a "customer deposit." On the same day, Hassenfritz and his wife signed a promissory note for $290,000 to the Bank. On September 28 the cash proceeds from this note were likewise applied to the checking account and identified as a "customer deposit." As a result of this last deposit, the checking account had a positive balance.

The amounts of the promissory notes were determined on the basis that Hassenfritz owed approximately $290,000 to Winfield Implement. So Hassenfritz signed a note for that amount. Steele signed a note for the difference and a little extra to make the account have a positive balance.

On April 18, 2002, Steele paid his note in full. Hassenfritz made a payment of $25,358.21 on his note, of which $21,997.30 was applied to the principal amount. Assets of Winfield Implement were sold for $60,308.93, of which $53,032.57 was also applied to the principal amount. A pickup truck belonging to Winfield Implement was sold for $2963.95, all of which was applied to the principal amount of Hassenfritz's note. After these credits, there remained an unpaid balance of $217,934.08 on the note.

## III. Proceedings.

In October 2002 the Bank sued Winfield Implement and Steele for the balance outstanding on Hassenfritz's note in the amount of $217,934.08, together with interest, costs, and attorney fees. The Bank sued Winfield Implement as the account holder. The Bank's suit against Steele was based on the written account agreement in which he agreed to be liable for

any account shortage resulting from overdrafts.

The Bank filed a motion for summary judgment, as did Winfield Implement and Steele [hereinafter defendants]. The district court denied the Bank's motion but granted the defendants' motion. The district court noted that the overdrafts were paid in full by the deposits on September 27 and 28, 2001, resulting in a positive checking account balance. The court therefore concluded that the Bank's "theory of recovery fails because no overdraft exists."

Following the district court's denial of the Bank's motion to enlarge and amend findings and conclusions, *see* Iowa R. Civ. P. 1.904(2), the Bank appealed.

We transferred the case to the court of appeals, which reversed and remanded the case for further proceedings.

### IV. Issue.

The issue presented is whether the proceeds from the promissory notes that were applied to the shortage caused by the overdrafts constituted payment of the shortage.

### V. Analysis.

■ The Bank alleged in its petition that "[b]ased on the written account agreement, both defendants are jointly and severally liable to plaintiff for the account overdrafts." An overdraft occurs when the bank pays from its funds "a check drawn on it by a depositor who does not have sufficient funds on deposit to pay the check." *Video Trax, Inc. v. NationsBank, N.A.*, 33 F.Supp.2d 1041, 1045 n. 3 (S.D.Fla.1998), *aff'd per curiam*, 205 F.3d 1358 (11th Cir.2000); *see also Black's Law Dictionary* 1136 (8th ed.2004) (defining overdraft as "[a] withdrawal of money from a bank in excess of the balance on deposit").

It is undisputed that there were overdrafts in the Winfield Implement checking account that resulted in a negative account balance. However, when the cash proceeds from Steele's and Hassenfritz's promissory notes were applied to the account, the account balance went from a negative figure to a positive one. As a result, the account overdrafts—the sole subject of the Bank's petition—no longer existed at the time the petition was filed. The defendants correctly argued in their motion for summary judgment that

> [t]he overdrafts complained of in the petition have been fully satisfied and paid by virtue of the promissory notes executed by Jerry Steele and James Hassenfritz. Steele has fully paid his promissory note. Steele has no liability for the Hassenfritz note which remains in default. Plaintiff's only remedy should be against Hassenfritz on the Hassenfritz note.

In their application for further review, the defendants also correctly argue that "[t]his was not just a replacement of one piece of paper for another representing a debt." Rather, once the proceeds of the promissory notes were deposited into the Winfield Implement checking account, "[t]here was no longer a shortage upon which personal liability could occur under the language of the checking account agreement."

The Bank relies heavily on *Orcutt v. Hanson*, 163 N.W.2d 914 (Iowa 1969). The issue in that case was whether the execution and acceptance of a promissory note was full and complete settlement of an open account. *Orcutt*, 163 N.W.2d at 915–16. In his affidavit, the defendant stated that the note was given by him and accepted by the plaintiff as a full and complete settlement of the account. *Id.* at 916. This statement was enough to con-

vince this court that a genuine issue of material fact existed as to whether the execution and acceptance of the note was intended as a full and complete settlement of the open account or only a conditional payment as the plaintiff contended. *Id.* at 916–17. The court stated the general rule that a promissory

> note given by a debtor for a precedent debt will not be held to extinguish the debt in the absence of an agreement to that effect. The *mere promise* in writing to pay cannot of itself be regarded as an effective payment. . . .

*Id.* at 917 (emphasis added) (citations omitted).

Here, there was more than a "mere promise in writing to pay." *Id.* The proceeds of the promissory notes were applied to the checking account shortage in a manner described by the Bank as a "customer deposit," thereby completely eliminating the overdrafts and shortage. *See* 60 Am. Jur.2d *Payment* § 51, at 745 (2003) ("If by agreement a note is taken in absolute payment of a debt, the debt is extinguished whether or [not] the note is paid, leaving the creditor's remedy on the note." (Footnotes omitted.)).

## VI. Disposition.

The district court correctly concluded that the shortage resulting from the overdrafts was paid in full by the deposits of the proceeds from the two promissory notes. Because no genuine issue of material fact exists on that point, we conclude the district court correctly granted the defendants' motion for summary judgment and correctly denied the Bank's similar motion. We therefore vacate the court of appeals decision and affirm the district court judgment.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**

All justices concur except WIGGINS, J., who takes no part.