HASTINGS v. THE B. & M. R. R. Co.

1. **Railroads**: ABANDONMENT OF RIGHT OF WAY: DAMAGES. A railroad company may abandon land condemned as right of way under the statute, and such abandonment causes the land to revert to its original owner, but gives the company no claim to the damages which may have been awarded and paid to the sheriff.

2. ———: ———: AD QUOD DAMNUM. Where a railroad company abandons land condemned to its use for right of way, all its interest in the land disappears; and the abandonment is a good defense to any claim for additional damages upon appeal from the award under *ad quod damnum*.

*Appeal from Pottawattamie Circuit Court.*

WEDNESDAY JUNE 3.

This is a proceeding under the statute to condemn a part of a certain lot in Council Bluffs over which defendant's railroad was located, and to assess the value thereof to be awarded to plaintiffs as damages on account of such condemnation. The

sheriff's jury awarded plaintiffs $25. An appeal was taken by plaintiffs to the Circuit Court, where a conditional judgment for $100 was awarded in their favor. Both parties appeal to this court.

*Mynster & Hight*, for plaintiffs.

*Montgomery & James*, for defendant.

BECK, J.—The cause was submitted and determined upon the following agreed statement of facts:.

" 1. That the said defendant entered upon and took possession of the said one hundred feet in width across said lot, on or about January, 1870, and so held possession until July, 1872.

2. That said defendant operated its railroad over said lot for the time specified, and that said strip, one hundred feet wide, was necessary for the location, construction and convenient use of its railroad, as then located.

3. That said defendant so took, held possession of, used and operated its railroad over and across said property, under and by virtue of the condemnation proceedings herein appealed from.

4. That the damages awarded by the sheriff's jury were duly paid by said defendant to the sheriff of said county, prior to the time such entry was made, or use and occupation had, and that plaintiffs have never accepted said award or any part thereof.

5. That the marketable value of the whole of said lot, on January 6th, 1870, when said condemnation proceedings were had, was one hundred dollars.

6. That the fragments of said lot, left after the right of way was so appropriated, were valueless.

7. That said lot on January 6th, 1870, was, and still is, the property of said plaintiffs.

8. That said defendant permanently abandoned its line of road, over and across said lot in July, 1872, and does not now and will not, occupy any portion of said premises in the use and operation of its road, as at present located."

The court found "that the plaintiffs would sustain damages to the amount of $100 in consequence of the appropriation by the defendant" of the land in question for the purpose of its railroad, and rendered judgment for that amount, and ordered the $25 paid to the sheriff upon the award of his jury to be applied upon such judgment which, as to the balance thereof, should be operative only upon the re-occupation of the land by defendant. This judgment, it was ordered, should operate as a bar to any action on the part of plaintiffs for 'the occupancy of the land from the time possession was taken by defendant until it was abandoned. The costs were adjudged against the defendant.

The questions presented are novel, and by no means free from doubt. We have before us no pleadings setting up the issues of law submitted to the court, and we presume none were before the court below, as the case was conducted under the provisions of the statute. Had the parties been required to try their cause upon pleadings, doubtless the true questions of law involved in the cause would have been more clearly brought out in the court below. The abandonment of the railroad is the fact which gives uncertainty and complication to the questions to be considered.

I. It can not be doubted that defendant could abandon its railroad over plaintiff's lot at any time. In such a case, had 1. RAILROADS: its right been settled, the land would revert to abandonment of right of plaintiffs, as the title remained in them, and way: damages. defendant acquired nothing more than an easement by the condemnation. But the abandonment would bestow no right upon defendant to recover whatever sum may have been paid to plaintiffs for the right of way. In this case defendant had paid to the sheriff $25 for the use of plaintiffs, and upon such payment had taken possession of the land; the payment clothed it with the right to occupy and use the land. Rev., § 1317. This occupancy could continue at defendant's will. Now, surely, defendant could not, by terminating its possession, and at its pleasure, recover the money so paid, or after its payment to the sheriff for plaintiff's use, acquire a right to have it repaid by that officer. Plaintiff's

right, then, to the $25, continued, notwithstanding defendant's abandonment of the road. So far as the sum is concerned, it is clear that plaintiffs are entitled to it, until it shall be determined upon appeal that their damages are not so great, or should be a different sum. But the court has found that plaintiffs are entitled absolutely to that sum, and we are advised of no ground upon which we can hold differently against the finding of the sheriff's jury and of the Circuit Court. We conclude, therefore, that the judgment for plaintiffs in the sum of $25 ought not to be disturbed.

II. It appears that the abandonment of the property by defendant was made the ground of its defense in the Circuit Court. As we have seen, this will not deprive plaintiffs of the right to money paid to the sheriff. We are next to inquire whether that fact may be interposed to defeat the recovery of damages over and above that sum, which could only accrue by continuous or subsequent occupation. The law in this form of proceeding, no less than in any other, will refuse to award damages not sustained in fact, or that will not result from the act complained of. The fact of abandonment may be shown upon the question of damages, for after abandonment the property is restored to the occupancy of plaintiffs. The abandonment is permanent; that is, the defendant gives up all rights acquired under the condemnation, and after the property is repossessed by plaintiffs, can not at its mere option, re-occupy it, and again exclude the owners therefrom. The defendant's interest in the property having been no more than an easement which is permanently abandoned, it retains no right to the property, or to re-occupy it again without further proceedings. Now it is very plain that this state of facts diminishes the damages sustained by plaintiffs, and may properly be considered in determining their true claim for compensation. Plaintiffs ought not to be allowed for the occupancy of the lot after abandonment. But the judgment of the court allows plaintiffs conditionally the sum of $75, to be enforced against defendant if the lot shall be re-occupied. This is clearly erroneous. Defendant can never again occupy the lot under the condemnation made

2.————:————:
ad quod damnum.

in this proceeding, and there is error in the judgment in proceeding to the contrary, and of course in allowing damages for such future and possible occupation. Defendant's abandonment was permanent, and therefore all its rights to the lot ceased. The judgment of the Circuit Court, it will be seen, would leave plaintiffs in possession of the lot, subject to defendant's will. They could make no improvements upon the lot without the risk of losing them upon the re-occupation of defendant. The property may greatly increase in value, yet it could be again taken by defendant for the trifling sum it is shown to be worth in this agreed statement of facts, and which is made the measure of the damages assessed by the Circuit Court. The judgment of the court is in effect an assessment of damages for a future occupation, dependent upon a future acceptance. We know of no law authorizing such a judgment. In a case of like character, brought under the same statute, this court used the following language: "If there has been a great enhancement of price between the time of assessment and the acceptance, the owner may have the right to demand a new assessment." *Gear v. The Dubuque & Sioux City R'y Co.*, 20 Iowa, 523. This appears just.

In our opinion the judgment in this case should bar any action to recover for the occupancy of the lot while defendant's road was located over it. If the plaintiffs have sustained, in any way, damage to an amount greater than the sum allowed them, they could have shown it in this proceeding. They have had their day in court, and must be satisfied with the result. The costs of this appeal will be equally divided between the parties, and the costs taxed in the Circuit Court will be paid by plaintiff. Defendant will pay the costs of the proceedings before the sheriff. The cause will be remanded, and a judgment will be entered by the Circuit Court in harmony with this opinion.

MODIFIED AND AFFIRMED.