**Lois Ann GRAHAM, Appellee,**

v.

**Morris KUKER, Appellant.**

No. 2–57337.

Supreme Court of Iowa.

Oct. 20, 1976.

Morris C. Hurd, Ida Grove, for appellant.

Leighton A. Wederath, Carroll, for appellee.

Submitted to MOORE, C. J., and RAWLINGS, REES, REYNOLDSON and McCORMICK, JJ.

McCORMICK, Justice.

Plaintiff was granted summary judgment in this action on a promissory note and counterclaim for breach of contract. The question is whether the trial court erred in finding no genuine issue of material fact existed. We affirm the trial court.

In her petition, plaintiff Lois Ann Graham alleged that defendant Morris Kuker executed a promissory note for $4472 in her favor on February 21, 1973, which was due January 1, 1974. She alleged defendant refused payment after presentment and demand. She asked judgment for principal and interest. In his answer, defendant denied the material allegations of the petition. As his single affirmative defense, he alleged the note was void because his signature on it was procured by fraud and misrepresentation. Specifically he asserted the note was given in consideration of plaintiff's promise to sell him an 80-acre parcel of farmland for $40,000 but that despite his willingness and ability to complete the sale plaintiff refused to do so and sold the land to someone else.

Defendant added a counterclaim in which he alleged plaintiff agreed to sell him the 80 acres for $40,000 by written contract but breached the contract by selling the land to someone else. He asked $25,000 in dam-

ages. Plaintiff denied the material allegations of the answer and counterclaim.

Attached to defendant's counterclaim as an exhibit was an agreement between plaintiff as landlord-owner and defendant as tenant-purchaser of the 80-acre parcel. Under the agreement defendant leased the land for the five-year period from April 1, 1968, to March 1, 1973. Total rent was $17,760, paid by five notes, each in the amount of $3552, with one due each January 1 starting in 1969, making the last note due January 1, 1973. The agreement also provided, "The Tenant further agrees to purchase said property at the termination of this contract subject to clear title and deed for the sum of $40,000."

Plaintiff subsequently filed a verified motion for summary judgment in which she alleged the following facts. Under an oral agreement defendant rented the 80-acre parcel from her for the 1973 crop year for $3552. In addition he owed $1120 under the written agreement in unpaid rent for the 1970 crop year. The note on which plaintiff sued was given to her by defendant on February 21, 1973, for the total of these amounts. Defendant refused to pay the $4552 note despite demand that he do so. She still owned the 80 acres and did not sell the land to defendant because the agreement had expired and because of defendant's default in payment of rent. Moreover, plaintiff never made an oral offer to sell the land to defendant.

Defendant filed a verified resistance to plaintiff's motion in which he alleged the following. No oral lease ever existed between the parties. The written agreement was a written contract for defendant's purchase of the land for $40,000. The 1973 payment called for by the written agreement was made and accepted by plaintiff on February 20, 1973. Defendant's signature on the $4472 note "was obtained by coersion [sic] and duress" and "there was no consideration [for it] * * *."

After hearing at which no additional evidence was received, the trial court sustained plaintiff's motion for summary judgment, entered judgment on plaintiff's petition and dismissed defendant's counterclaim. Defendant appeals.

Principles governing summary judgment procedure have been stated and discussed in other cases and need not be repeated here. See, e. g., *Meyer v. Nottger*, 241 N.W.2d 911 (Iowa 1976), and citations.

Under rule 237, Rules of Civil Procedure, which prescribes summary judgment procedure, we must examine the pleadings, depositions, answers to interrogatories, admissions and affidavits on file to determine whether the movant has met his burden to show there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Here the only papers involved are the pleadings, plaintiff's verified motion for summary judgment and defendant's verified resistance.

Examination of plaintiff's petition and motion show the motion was supported as required by the rule. See *Daboll v. Hoden*, 222 N.W.2d 727, 731 (Iowa 1974). The petition states plaintiff's claim on the note. The factual recitals in the sworn motion set forth specific evidentiary matter sufficient to show defendant's execution and delivery of the note and that it was overdue. Regarding defendant's counterclaim, plaintiff set forth in her verified motion specific evidentiary matter to establish defendant's default under the contract as a defense to the counterclaim.

Because the motion was supported as required by the rule, defendant was precluded from resting on his pleadings. It was incumbent on him by affidavit or otherwise, as provided in the rule, to "set forth specific facts showing that there is a genuine issue for trial." Rule 237(e), R.C.P.

Defendant purported to meet this obligation in the allegations of his sworn resistance to the motion. As a result, he contends that the papers before the court showed summary judgment was precluded by the existence of seven unresolved issues of genuine material fact. He lists them as follows:

"1. Is the 1973 rent paid as Kuker alleged or unpaid as Graham alleges?

"2. Was the signature of Kuker on the promissory note procured by fraud and misrepresentation?

"3. Does Graham still own the farm, as she alleges, or did she sell it to another purchaser in breach of her contract with Kuker, as he alleges?

"4. Did Graham breach the written contract between she [sic] and Kuker?

"5. Did Kuker breach the written contract between he [sic] and Graham?

"6. Is Kuker's breach, if any there was, justified because of Graham's earlier breach of the same contract?

"7. If Kuker's last payment of rent was due on January 1, 1973, according to the terms of the written contract, what circumstances caused Kuker to give Graham a promissory note, extending the time of payment of the last payment on January 1, 1974?"

We find that the papers before the court do not establish these issues as genuine issues of material fact.

■ The first asserted issue assumes that want of consideration for the note was an issue between the parties. It has no pertinency to any other issue between them. However, want of consideration is a matter of defense in an action on a note, and it must be pleaded as an affirmative defense. *Bjornsen Constr. Co. v. Whitmer & Sons*, 254 Iowa 888, 893, 119 N.W.2d 801, 804 (1963); § 554.3408, The Code; rule 101, R.C.P. Defendant did not plead want of consideration as a defense here, and therefore it was not an issue. *Hart v. Hart*, 160 N.W.2d 438, 445 (Iowa 1968); see *Person v. United States*, 112 F.2d 1, 3 (8 Cir. 1940).

Defendant does not assert the sufficiency of other allegations of his resistance to support a defense of want of consideration for the note nor does he contend the trial court should on its own motion have given him leave to amend his answer to plead that defense. These questions are not raised in this appeal, so we do not decide them. See *Rick v. Boegel*, 205 N.W.2d 713, 716 (Iowa 1973); compare *Person v. United States*, supra, with *Rossiter v. Vogel*, 134 F.2d 908 (2 Cir. 1943), *Downey v. Palmer*, 114 F.2d 116 (2 Cir. 1940), and 6 J. Moore, Federal Practice, Summary Judgment ¶ 56.17(4) at 737.

An additional reason exists for holding that the first asserted issue is not a genuine issue of material fact. This asserted issue assumes that defendant's resistance to the motion for summary judgment created a dispute as to whether the rent for the 1973 crop year was paid or unpaid. The 1973 crop year commenced March 1, 1973. This was the period for which plaintiff said rent was unpaid. In his resistance, defendant did not say he paid that rent. Instead, he alleged he made "the 1973 payment called for by [the written lease] * * *." The rental period covered by the lease expired March 1, 1973. The 1973 payment called for by the lease was an annual payment due January 1, 1973, which could not under the terms of the lease have constituted payment of rental for a period after the lease expired. Hence, by alleging he made the 1973 payment called for by the lease, defendant did not take issue with plaintiff's allegation that the note sued on included defendant's rental obligation for the 1973 crop year. Therefore, even if the defense of want of consideration had been pled, it would not be supported by defendant's statement that he made the 1973 payment required by the written lease.

The second, third, fourth, and sixth asserted issues are not supported by any statement of specific fact in defendant's resistance to the motion for summary judgment. The second issue involves an affirmative defense pled in defendant's answer but not mentioned in the sworn resistance. The third, fourth and sixth issues all relate to plaintiff's alleged breach of contract to sell the premises. Here again, contrary to the provisions of rule 237(e), defendant chose to rest entirely on his unadmitted pleadings. He also makes statements of purported fact in his brief which are outside the record. We disregard these statements and do not approve their inclusion in defendant's brief.

Regarding the fifth asserted issue, no specific facts are set forth in defendant's

sworn resistance to controvert plaintiff's sworn evidence that defendant was in default under the written contract. Nothing in defendant's resistance would enable the court to find a genuine issue existed between the parties on that subject. Nothing in defendant's resistance would tend to establish that he was ready, willing and able to carry out the purchase agreement.

Finally, the seventh asserted issue assumes the note sued on was given to extend for one year the time for payment of the January 1, 1973, obligation called for by the written lease. This assumption contradicts the allegation in defendant's resistance that he paid the 1973 written lease obligation, and it ignores plaintiff's sworn statement that the note was given to pay rental for a period subsequent to the lease period. No support exists in defendant's resistance for defendant's claim of an issue on that subject.

We find no merit in the grounds urged by defendant in support of his sole assignment of error.

Because we find no merit in defendant's appeal, we do not reach or decide the merits of a motion to dismiss filed by plaintiff during its pendency.

AFFIRMED.