Gerrit BYKER, Tracy Byker, and Wilbur H. Huenink and Henrietta Huenink, Plaintiffs-Appellees,

v.

Robert L. RICE and Audrey J. Rice, Defendants-Appellants.

No. 83–833.

Court of Appeals of Iowa.

Oct. 23, 1984.

Harold O. Postma, Orange City, Iowa, for defendants-appellants.

Richard L. Smith, Hawarden, Iowa, for plaintiffs-appellees.

Heard by DONIELSON, P.J., and SCHLEGEL and HAYDEN, JJ.

SCHLEGEL, Judge.

Defendants appeal from the trial court's entry of summary judgment in favor of plaintiffs in this action to quiet title to an abandoned railroad right of way. Defendants claim that genuine issues of material fact existed regarding the ownership of adjoining land at the time of abandonment of the right of way, and regarding defendants' claim of estoppel.

I. *Summary Judgment—Propriety.* Rule 237(c) of the Iowa Rules of Civil Procedure states the rule for determining a motion for summary judgment as follows:

(c) *Motion and proceedings thereon....* The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.

In *Daboll v. Hoden,* 222 N.W.2d 727, 731 (Iowa 1974), the Iowa Supreme Court stated:

The purpose of the rule is to avoid useless trials. Where there is no genuine issue of fact to be decided, the party with a just cause should be able to obtain a judgment promptly and without the expense and delay of a trial. In ruling on a motion for summary judgment, the court's function is to determine whether such a genuine issue exists, not to decide the merits of one which does.

(Citations omitted).

■ In order to rule upon such motion, the trial court must examine the entire record before it, including the pleadings, admissions, depositions, answers to interrogatories and affidavits, if any. *Davis v. Comito,* 204 N.W.2d 607, 611 (Iowa 1973). The burden to show the absence of any genuine issue of material fact is upon the moving party, and the materials before the court are viewed in the light most favorable to the opposing party. *Swets Motor Sales, Inc. v. Pruisner,* 236 N.W.2d 299, 304 (Iowa 1975).

■ Issues of fact must be material. In other words, fact issues remaining undecided must be such that, if decided in defendants' favor, would provide a good defense to the action. *See Orcutt v. Hanson,* 163 N.W.2d 914, 918 (Iowa 1969).

II. *Facts Shown by the Record.* Plaintiffs' verified petition alleges that plaintiffs are the owners of the real estate that adjoins the abandoned railroad right of way. It alleges that defendant Robert Rice claims ownership of the right of way by virtue of a deed from the Chicago and Northwestern Transportation Company, which was the last railroad to operate the line. The petition alleges that the right of way was originally taken by condemnation for railroad purposes, and that its use as a railroad was discontinued on or about December 14, 1974. Plaintiffs seek to quiet the title of the abandoned right of way in themselves as owners of the land from which the right of way was taken.

Defendants answered, generally denying the allegations of plaintiffs' petition, and alleging affirmatively that Robert Rice was the only lawful owner of the right of way, by virtue of the aforementioned deed. Plaintiffs denied the affirmative allegation of ownership.

Plaintiffs filed their motion for summary judgment supported by the affidavit of one Breese, an abstractor of titles. That affidavit corroborated the allegations of plaintiffs' petition that Rice claimed ownership of the land and was the holder of the record title to the right of way by virtue of a deed. Another affidavit stated the date the railroad ceased operations on the land in question was on or about December 14, 1974.

Defendants claim that plaintiffs have failed to show who owned the land that adjoined the railroad right of way at the time of its abandonment. They claim that such fact is a genuine issue which should be determined by trial. Defendants also claim that plaintiffs are estopped to claim superior title to the land in question by reason of Robert Rice's adverse possession of the land for a period of six years.

■ Defendants' resistance to the motion for summary judgment did not include affidavits in support of the alleged defense to plaintiffs' petition. It should be noted that defendants' estoppel defense was not pleaded, but raised in the resistance. More important than the failure to allege the estoppel defense in the answer, however, is that the assertion of that defense in the resistance is merely the statement of a legal conclusion; the resistance does not set forth any ultimate facts from which such a conclusion might be found by a trial of that issue. The defendant cannot, in his resistance, rely solely upon legal conclusions to show that there is a genuine issue of material fact justifying denial of summary judgment. *Schulte v. Mauer*, 219 N.W.2d 496 (Iowa 1974).

We do not believe defendant has shown a genuine issue as to a material fact which remains to be determined in this case. We therefore agree with the trial court that plaintiffs are entitled to judgment as a matter of law.

■ III. *Extent of Defendants' Title.* The record is silent about the type of conveyance Rice received from the railroad. However, whether it was a quit claim deed, or a general or special warranty deed, does not matter in this case. The railroad could not convey to Rice anything but the title it possessed. The result of the acquisition of the right of way by condemnation was to give to the railroad an easement for the operation of a railroad. *Hastings v. B. & M.R.R. Co.*, 38 Iowa 316, 318 (1874). The railroad, therefore, could convey no more than an easement for the operation of a railroad. Upon abandonment or nonuse of the easement for the period required by the statute, the easement reverted to the owner of the land from which the easement was taken. *See Atkin v. Westfall*, 246 Iowa 822, 826, 69 N.W.2d 523, 525 (1955); *Hastings*, 38 Iowa at 318.

IV. *Statutory Reversion.* According to the record contained in the affidavit of Jones, the railroad right of way was abandoned by order of the Interstate Commerce Commission on or about December 14, 1974. At that time the Iowa Code contained the following statute:

473.2 If a railway, or any part thereof, shall not be used or operated for a period of eight years, or if, its construction having been commenced, work on the same has ceased and has not been in good faith resumed for eight years, the right of way, including the roadbed, shall revert to the persons who, at the time of the reversion, are owners of the tract from which such right of way was taken.

In 1982, at the expiration of the eight-year period set out in the quoted section, the Iowa legislature had amended and re-numbered that section to read:

327G.77. *Reversion of railroad right of way.* 1. If a railroad right of way acquired by condemnation is abandoned by order of the federal interstate commerce commission or the state transportation regulation board, that right of way shall

revert to owners of the adjacent properties at the time of each abandonment.... Iowa Code (1981).

Defendants' resistance to summary judgment requires that we decide which of the two sections should be applied. Both statutes operate to revert title of abandoned railroad right of way to an adjacent landowner. Both statutes come into effect at the time the right of way is abandoned. They differ, however, in the amount of time that must pass before reversion is complete. In deciding which statute to apply, we must decide whether section 327G.77 should be applied to a railroad right of way that was abandoned before that section was enacted. By law, a statute is presumed to operate prospectively "unless expressly made retrospective." Iowa Code § 4.5 (1983). Section 327G.77 is not expressly made retrospective, so section 473.2 is the proper law to apply.

Under section 473.2, reversion does not occur until the passage of the period of eight years from the date upon which the right of way ceased to be operated as a railroad. Until the passage of that time the railroad would have the right to possession of the land embraced by the right of way. During that period, the railroad would have a right to grant its right of possession to anyone it chooses. However, after the passage of the eight-year period neither the railroad, nor any grantee of the railroad who had not operated a railroad on the right of way, would have any further rights in that land. At that time the reversion called for in section 473.2 takes effect, and the land reverts to the adjoining landowners. *See Chadek v. Alberhasky*, 253 Iowa 32, 37, 111 N.W.2d 297, 300 (Iowa 1961). Reversion of the easement is automatic. *Johnson v. Burlington Northern, Inc.*, 294 N.W.2d 63, 67 (Iowa Ct.App.1980). We hold that under section 473.2, Iowa Code (1973), the right of way reverted to the plaintiffs, who on or about December 14, 1982, owned the land from which the right of way was taken (eight years after it ceased being used as a railroad).

V. *Estoppel Claim.* Defendants claim that plaintiffs are estopped from claiming superior title because of Robert Rice's adverse possession. As pointed out above, defendants state no facts from which such a defense could be found to exist. However, this theory has been laid to rest in Iowa in the case of *Chadek v. Alberhasky*, 253 Iowa 32, 37–38, 111 N.W.2d 297, 300. In that case, as in this, the railroad's rights to possession did not cease until the passage of eight years. During that time, it had the right to possession of the land or to the right to transfer that right to others. Robert Rice's possession, if any, prior to December 14, 1982, was under a possessory right granted to him by deed. It was not adverse possession. Plaintiffs had no right of possession of the land until the passage of the period of eight years. *Id.* The plaintiffs cannot be estopped for failing to assert rights they did not have.

For the reasons stated, the decision of the trial court is affirmed. The judgment rendered by the trial court—quieting title to the former railroad right of way in plaintiffs—was correct and must be affirmed.

AFFIRMED.