Roger P. JENSEN, As Successor Trustee to McIntosh & Co., Inc., and First National Bank of Council Bluffs, under a Trust Agreement dated January 15, 1988, By and Between First National Bank of Council Bluffs and Turnbridge Limited Partnership, an Iowa Limited Partnership, Appellee,

v.

TURNBRIDGE LIMITED PARTNERSHIP, An Iowa Limited Partnership, et al., Defendants,

and

Wesley M. Grady and Betty J. Grady, Appellants.

No. 92–515.

Court of Appeals of Iowa.

June 29, 1993.

Bruce D. Fleming of Pogge, Root, Fleming & Tinley, Council Bluffs, for appellants.

Steven H. Krohn of Smith, Peterson, Beckman & Willson, Council Bluffs, for appellee.

Considered by SCHLEGEL, P.J., and HAYDEN and HABHAB, JJ.

HAYDEN, Judge.

Wesley and Betty Grady appeal a district court decision granting summary judgment to Roger Jensen. This foreclosure action involves a portion of a condominium development which is subject to mortgages held by both parties. We reverse and remand.

Under a trust agreement executed in January 1988, First National Bank (FNB) was appointed trustee on behalf of certain holders of bonds issued by Turnbridge Limited Partnership (Turnbridge). As part of the trust agreement, Turnbridge executed a note evidencing Turnbridge's obligation to repay the bonds. Turnbridge also executed a mortgage in favor of FNB securing the payment of the bonds and note. The portion of the condominium development involved in this action is subject to the mortgage. In September 1988 McIntosh and Company, Inc. (McIntosh Company) succeeded to all rights of FNB under the January 1988 trust agreement.

The various entities in this case are somewhat related. Turnbridge is a limited part-

nership. The general partner of Turnbridge is McRealty, Inc. (McRealty). McIntosh owns all the stock in McRealty. Stephen McIntosh is the president of McRealty and vice chairman of McIntosh Company.

In December 1989 Gradys entered into a purchase agreement with Turnbridge for the purchase of a condominium. Gradys advanced substantial cash to Turnbridge for the benefit of the property. The parties also executed a note and mortgage. The agreement, note, and mortgage were signed by Stephen McIntosh on behalf of Turnbridge and McRealty. A subordination agreement was also prepared and allegedly signed by Stephen McIntosh. This agreement purports to subordinate the 1988 Turnbridge mortgage with FNB to the 1989 Grady mortgage with Turnbridge.

In August 1990 McIntosh Company filed for chapter 11 bankruptcy. As a result, appellee Roger Jensen was appointed successor trustee. McIntosh Company was the previous trustee of the mortgage. Turnbridge eventually defaulted in its payments under the terms of the bonds, note, and mortgage. In January 1991 appellee filed a petition to foreclose the 1988 note and mortgage against various parties, including Gradys. In October 1991 a partial summary judgment was entered in favor of Jensen. Gradys, as well as several other defendants, resisted summary judgment, and their claims were eventually considered by the court. Gradys claimed their 1989 note and mortgage was superior to the interest claimed by Jensen in the 1988 mortgage as a result of the subordination agreement. The district court then entered a further ruling on summary judgment granting Jensen's motion as to all remaining defendants, except Stephen McIntosh. Apparently, Stephen was titleholder to some of the condominiums as well. Gradys have filed this appeal.

■ Summary judgment is appropriate only if there exists no genuine issue of material fact. *Farm Bureau Mut. Ins. Co. v. Milne,* 424 N.W.2d 422, 423 (Iowa 1988) (citing Iowa R.Civ.P. 237(c); *Knapp v. Simmons,* 345 N.W.2d 118, 121 (Iowa 1984)). The moving party has the burden to show the nonexistence of a material fact. *Id.* (cit-

ing *Knapp,* 345 N.W.2d at 121). The evidence must be viewed in the light most favorable to the nonmoving party. *Thorp Credit, Inc. v. Gott,* 387 N.W.2d 342, 343 (Iowa 1986) (citation omitted). A fact issue is generated if reasonable minds can differ on how the issues should be resolved. *In re Estate of Olson,* 479 N.W.2d 610, 615 (Iowa App.1991). The nonmoving party may not simply rest on its pleadings and allegations once a summary judgment is filed. When the evidence supporting a motion for summary judgment does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidence is presented. *First Nat'l Bank v. Mackey* 338 N.W.2d 361, 363 (Iowa 1983) (citation omitted). With these principles in mind we examine the record to determine if Gradys have established a genuine issue of material facts concerning their position and rights as mortgagee of the property upon which foreclosure is sought. Evidence reveals a factual dispute regarding the priority of Gradys' interest in the property. We reverse the district court's summary judgment.

■ I. Gradys contend their interest is not junior, subordinate, or inferior to the lien of plaintiff's mortgage. They argue Stephen possessed authority, under McIntosh Company and as trustee of FNB's mortgage, to execute the purchase and subordination agreements.

Gradys filed a resistance to the summary judgment motion supported by affidavits from Grady and Dean Jennings, the attorney representing McIntosh Company and McRealty. Grady stated Stephen and Jennings represented Stephen had full authority to subordinate the FNB mortgage. In his affidavit, Jennings stated a subordination agreement had been executed with the purchase agreement. He also stated McIntosh Company authorized McRealty to execute a subordination agreement with Grady. Gradys further supported their resistance with the subordination agreement. Although not fully executed, the subordination agreement was signed by Stephen. This evidence raises issues concerning the priority of each party's interest in light of the purchase and subordination agreements.

II. Iowa Rule of Civil Procedure provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Iowa R.Civ.P. 237(e). If a party's motion for summary judgment is supported by pleadings, depositions, answers to interrogatories, and affidavits, the nonmoving party is precluded from resting on his pleading. *Id.; Graham v. Kuker*, 246 N.W.2d 290, 291 (Iowa 1976). Gradys must set forth specific facts showing there is a genuine issue for trial. *Id.* (citing Iowa R.Civ.P. 237(e)). Appellants cannot, in resistance to the motion, rely solely upon legal conclusions to show there is a genuine issue of material fact justifying a denial of summary judgment. *Byker v. Rice*, 360 N.W.2d 572, 574 (Iowa App.1984) (citation omitted). Gradys presented facts in support of their contention. We conclude Gradys have sufficiently complied with rule 237(e).

Viewing this evidence in a light most favorable to Gradys, we conclude there is evidence of a genuine issue of material fact regarding Gradys' position and rights as mortgagee to the subjected property. Based on this record, we conclude rational minds could draw different inferences from these facts. Appellee was not entitled to summary judgment as a matter of law. Gradys are entitled to the opportunity to prove at trial their assertions to priority of mortgage. We reverse the decision of the district court and remand the case for further proceedings.

Costs of this appeal are assessed to appellee.

**REVERSED.**